JAMES L. DAY (WSBA #20474)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel: (206) 521-3858
Email: jday@bskd.com

SAMUEL R. MAIZEL (*Pro Hac Vice* pending)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300
Fax: (213) 623-9924
Email: samuel.maizel@dentons.com

SAM J. ALBERTS (WSBA #22255)
DENTONS US LLP
1900 K. Street, NW
Washington, DC 20006
Tel: (202) 496-7500
Fax: (202) 496-7756
Email: sam.alberts@dentons.com

*Proposed Attorneys for the Chapter 11 Debtors
and Debtors In Possession*

HONORABLE FRANK L. KURTZ

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>ASTRIA HEALTH,<br><br>     Debtor and Debtor In<br>     Possession. | Chapter 11<br>Case No. 19-01189-11 |
| IN RE:<br><br>GLACIER CANYON, LLC,<br><br>     Debtor and Debtor In<br>     Possession. | Chapter 11<br>Case No. 19-01193-11 |
| IN RE:<br><br>KITCHEN AND BATH<br>FURNISHINGS, LLC,<br><br>     Debtor and Debtor In<br>     Possession. | Chapter 11<br>Case No. 19-01194-11 |

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE
110697523\V-6

1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | |
|---|---|
| IN RE:<br>OXBOW SUMMIT, LLC,<br>　　　　Debtor and Debtor In<br>　　　　Possession. | Chapter 11<br>Case No. 19-01195-11 |
| IN RE:<br>SHC HOLDCO, LLC,<br>　　　　Debtor and Debtor In<br>　　　　Possession. | Chapter 11<br>Case No. 19-01196-11 |
| IN RE:<br>SHC MEDICAL CENTER -<br>TOPPENISH,<br>　　　　Debtor and Debtor In<br>　　　　Possession. | Chapter 11<br>Case No. 19-01190-11 |
| IN RE:<br>SHC MEDICAL CENTER - YAKIMA,<br>　　　　Debtor and Debtor In<br>　　　　Possession. | Chapter 11<br>Case No. 19-01192-11 |
| IN RE:<br>SUNNYSIDE COMMUNITY<br>HOSPITAL ASSOCIATION,<br>　　　　Debtor and Debtor In<br>　　　　Possession. | Chapter 11<br>Case No. 19-01191-11 |
| IN RE:<br>SUNNYSIDE COMMUNITY<br>HOSPITAL HOME MEDICAL<br>SUPPLY, LLC,<br>　　　　Debtor and Debtor In<br>　　　　Possession. | Chapter 11<br>Case No. 19-01197-11 |

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE
110697523\V-6

2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-FLK11    Doc 3    Filed 05/06/19    Entered 05/06/19 13:34:58    Pg 2 of 27

| | |
|---|---|
| IN RE:<br><br>SUNNYSIDE HOME HEALTH,<br><br>       Debtor and Debtor In Possession. | Chapter 11<br>Case No. 19-01198-11 |
| IN RE:<br><br>SUNNYSIDE PROFESSIONAL SERVICES, LLC,<br><br>       Debtor and Debtor In Possession. | Chapter 11<br>Case No. 19-01199-11 |
| IN RE:<br><br>YAKIMA HOME CARE HOLDINGS, LLC,<br><br>       Debtor and Debtor In Possession. | Chapter 11<br>Case No. 19-01201-11 |
| IN RE:<br><br>YAKIMA HMA HOME HEALTH, LLC,<br><br>       Debtor and Debtor In Possession. | Chapter 11<br>Case No. 19-01200-11<br>**DEBTORS' JOINT MOTION FOR AN ORDER (A) DIRECTING THE JOINT ADMINISTRATION OF THESE CASES,[1] INCLUDING THE USE OF CONSOLIDATED LISTS, AND (B) LIMITING SCOPE OF NOTICE**<br>***WITH REQUEST TO SHORTEN TIME FOR NOTICE AND OBJECTIONS & REQUEST FOR EMERGENCY HEARING*** |

---

[1] This Motion seeks to administratively consolidate each of the thirteen cases filed on May 6, 2019.

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE
110697523\V-6

3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# **EMERGENCY MOTION**

Pursuant to Rule 1015(b), 2002, and 9007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rules 1015-1(b) and 2002-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Washington (the "LBR"), Astria Health ("Astria"), Glacier Canyon, LLC ("Glacier"), Kitchen and Bath Furnishings, LLC ("K&B"), Oxbow Summit, LLC ("Oxbow Summit"), SHC Holdco, LLC ("SHC Holdco"), SHC Medical Center – Toppenish ("SHC Toppenish"), SHC Medical Center – Yakima ("SHC Yakima"), Sunnyside Community Hospital Association ("Sunnyside"), Sunnyside Community Hospital Home Medical Supply, LLC ("Sunnyside Home Medical Supply"), Sunnyside Home Health d/b/a Astria Home Health ("Sunnyside Home Health"), Sunnyside Professional Services, LLC ("SPS"), Yakima Home Care Holdings, LLC ("Yakima Home Care"), and Yakima HMA Home Health, LLC ("Yakima Home Health"), debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (these "Chapter 11 Cases"), jointly move by this motion (the "Motion") *ex parte* for the emergency entry of an order (a) authorizing the joint administration of these Chapter 11 Cases for procedural purposes only, including the use of consolidated lists, and that the Court maintain one file and one docket for all of the Chapter 11 Cases under the lead case: *In re Astria Health*; and (b) approving a Limited Mailing List and a limited notice procedure.

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE
110697523\V-6

4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

The requested relief will ensure that the thirteen Chapter 11 Cases filed on May 6, 2019, can be dealt with in an efficient and economical manner, for the benefit of the estates, the Court, the Office of the United States Trustee, and creditors, thus avoiding the need to file numerous repetitive, similar motions and other pleadings in the thirteen different Chapter 11 Cases. This Motion is based on the information contained herein, the attached Declaration of John Gallagher ("Gallagher Dec."),[2] and other admissible evidence properly brought before the Court. In addition, the Debtors request that the Court take judicial notice of all documents filed with the Court in these Chapter 11 Cases.

## JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

### A.   General Background

1.   On May 6, 2019 ("Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors continue to manage their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the

---

[2] The Debtors will also be submitting a separate declaration of John Gallagher in support of the other "first day" motions being filed on the Petition Date.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Bankruptcy Code.[3]

**B.** **Astria Operates a Statewide Healthcare System Through Its Affiliates**

2. The Astria Health system, headquartered in the heart of Yakima Valley, Washington, and providing medical services to patients who generally reside in Yakima County and Benton County, Washington, is the largest non-profit healthcare system based in Eastern Washington, with annual revenues of approximately $240 million. Gallagher Dec. at ¶ 13. Astria is the parent non-profit organization of Yakima, Sunnyside, and Toppenish (collectively, the "Hospitals"), along with outpatient Astria Health Centers (14 medical clinics and 24 specialty clinics), Ambulatory Surgical Center, Astria Hearing and Speech, and Astria Home Health and Hospice with healthcare sites and providers conveniently located in towns and cities throughout the region. *Id.* Collectively, they have 315 licensed beds, three active emergency rooms, and a host of medical specialties. *Id.*

3. Overall, the Astria health care system provides medical treatments to approximately 346,400 patients annually, including approximately 7,344 who spend at least one night in its Hospitals during the year. *Id.* at ¶ 14. Astria's necessity to the health and welfare of the people of the Yakima Valley is evidenced by several facts, including having the:

---

[3] All references to "§" or "section" herein are to Sections of the United States Bankruptcy Code.

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE — 6
110697523\V-6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

- *only* open-heart surgery program in Yakima County;

- *only* neurosurgery program in Yakima County;

- *only* elective cardiac catheterization program in Yakima County;

- *only* hospital in Sunnyside, Washington;

- *only* hospital in Toppenish, Washington; and

- *only* obstetric services in the Lower Valley of Yakima County (both at Sunnyside and Toppenish).

*Id.*

4.     Collectively, the Debtors provide the following services:   allergy testing and treatment program, ambulatory surgery, audiology, behavioral health/psychiatry, breast health center, cancer care, cardiac electrophysiology, cardiac rehabilitation, cardiothoracic surgery, catheterization lab, colorectal surgery, critical care medicine, diabetes education, diagnostic imaging and radiology, ear, nose and throat, emergency services, endocrinology, family medicine, gastroenterology, gynecological surgery, heart care, hand surgery, heart failure, home health, hospice, hospitalists, inpatient behavioral health, internal medicine, interventional cardiology, laboratory, life transitions intensive out-patient program, maternity services, medical withdrawal management, nephrology, neurosurgery, spine care, nutritional services, obstetrics and gynecology, occupational medicine, orthopedics, orthopedic surgery, outpatient palliative care, speech therapy, physical therapy, pediatrics, pharmacy, plastic and reconstructive

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE                                        7
110697523\V-6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

surgery, podiatry, rehabilitation, inpatient rehabilitation, rheumatology, senior services, sleep medicine, sports medicine, stroke care, surgical services, robotic surgery, general surgery, telehealth, urology, urological surgery, walk-in care, women's health, vascular medicine, and wound care center. *Id.* at ¶ 15.

## C.    Financial Overview

5.    The Debtors collectively have a total of approximately $72 million of outstanding secured debt. *Id.* at ¶ 16. A significant portion of their outstanding principal debt is pursuant to credit agreements to which SHC Holdco, Yakima, Toppenish, and either Astria or Yakima Home Care are all borrowers, and certain of their non-filing affiliates are either co-borrowers or guarantors, and whose assets all serve as security therefor. *Id.*

6.    As of the Petition Date, the Debtors also collectively have a total of approximately $95 million in unsecured debt, not including amounts owed among the Debtors, affiliates, and subsidiaries. *Id.* at ¶ 17.

## D.    Each Debtor Company Is A Direct Or Indirect Affiliate of Astria

7.    The following graphic depicts the prepetition organizational structure of the Debtor entities:

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE                 8
110697523\V-6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104



*Id.* at ¶ 18.

8.    As depicted above, Astria is the sole member of Debtors SHC Holdco, Sunnyside, and Glacier. *Id*. at ¶ 19. SHC Holdco is, in turn, the sole member of Debtors Yakima, Toppenish, and Yakima Home Care. *Id.* Yakima Home Care is, in turn, the sole member of Debtor Yakima HMA Home Health. *Id.* Sunnyside is the sole member of Debtors SPS, Sunnyside Home Medical Supply, Astria Home Health, and Oxbow Summit; and the sole member of nondebtor Home Supply, LLC, which, in turn, is the sole member of Debtor K&B. *Id.*

E.    **Unions Represent Employees Across All Companies**

9.    The system employs approximately 1,547 employees (making it one of the largest employers in the Yakima Valley), of whom 1,230 are full-time, 70 are part-time, and 247 are *per diem*. *Id*. at ¶ 20. Approximately 36% of the Debtors' employees—approximately 559 employees in total—are represented by collective bargaining units, specifically through Washington State Nurses Association or

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE
110697523\V-6

9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

SEIU Healthcare 1199NW. *Id.* Approximately 600 doctors have privileges at the Hospitals. *Id.*

**SUMMARY OF REQUESTED RELIEF**

**A.      Joint Administration and Consolidated Lists**

10.      The Debtors jointly request, pursuant to Bankruptcy Rule 1015(b), entry of an order on an emergency basis directing joint administration of these Chapter 11 Cases for procedural purposes only, to include:

(a)      use of a single pleadings docket for administrative matters under the lead case: *In re Astria Health*; and the filing, lodging and docketing of pleadings and orders, where appropriate;

(b)      use of a single pleading caption;

(c)      use of a consolidated mailing matrix (or matrixes), and the combining of notices to creditors and other parties-in-interest, where appropriate;

(d)      combined scheduling of hearings, where appropriate;

(e)      consolidated billing by professionals employed by the estates, subject to review and apportionment of billing should the need arise;

(f)      joint and several liability of the Debtors' estates for general administrative expenses that equally benefit all the estates; and

(g)      joint handling of other administrative matters that may aid in the expeditious and economical administration of the Debtors' estates.

The Debtors propose:

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE      10
110697523\V-6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

- to use the case caption that is set forth at page 19 of this Motion;

- for entry of an order approving this Motion.

- to give notice to all known creditors and interested parties advising them of the joint administration; and

- that the Court direct the Clerk of the Court to place a notation, like that set forth at page 19, in the docket maintained for each of the Debtors' Chapter 11 Cases to reflect that the cases are being jointly administered.

## B. Limited Notice

11. The Debtors further request that the Court limit the scope of service of all notices, motions, or applications, and their related declarations, exhibits or orders, including, but not limited to, the following:

- any proposed use, sale, or lease of property of the estate pursuant to § 363 and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004;

- any proposed debtor in possession financing or use of cash collateral;

- any proposed extension of the Debtors' exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to § 1121 and Bankruptcy Rule 3016;

- any proposed approval of a compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019 and/or § 363;

- any proposed abandonment or disposition of property of the estate pursuant to § 554 and Bankruptcy Rules 6007(a) or (c);

- any proposed assumption, assumption and assignment or rejection of contracts or leases pursuant to § 365 and Bankruptcy Rule 6006(a) or (c);

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

- any proposal to prohibit or condition the use, sale or lease of property pursuant to § 363 or Bankruptcy Rule 4001(a);

- any proposed objections to claims pursuant to § 502 or Bankruptcy Rules 3002, 3003 or 3007;

- any verified statement filed by any entity or committee (other than those appointed pursuant to §§ 1102 or 1104) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

- any proposed application for employment of professionals pursuant to §§ 327, 1103 or 1104 or Bankruptcy Rule 2014;

- any proposed application for compensation or reimbursement of expenses of professionals, pursuant to §§ 328, 329, 330, or 331 and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; except as provided by other orders of this Court;

- a hearing on any other contested matter in this Case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the LBR; and

- all other pleadings, papers, and requests for relief or other order of the Court, except as limited below.

The notices, motions and applications for which the Debtors are seeking to limit notice are hereinafter referred to as the "Limited Notice Matters." For the avoidance of doubt, the Limited Notice Matters include all the "first day" motions filed on or around the Petition Date.

12. Notwithstanding the foregoing, the relief requested in this Motion does not affect the rights of all creditors to receive notice of the following matters or proceedings: (i) the date fixed for filing proofs of claim; (ii) the time fixed for filing objections to any disclosure statement and any hearing to consider approval

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

of any disclosure statement; (iii) the time fixed for accepting, rejecting, or objecting to confirmation of a plan or any modification thereof and the hearing thereon; (iv) the entry of an order confirming a plan; and (v) a hearing regarding the dismissal or conversion of this Case (the "Complete Notice Matters").

## ARGUMENT

### A.   Joint Administration Of These Cases Is Appropriate

Bankruptcy Rule 1015(b) makes clear that joint administration may be appropriate when two or more related debtor entities have filed for protection under the title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").  *See*, *e.g.*, *In re Brookhollow Assocs.*, 435 F. Supp. 763 (D. Mass. 1990), *aff'd*, 575 F.2nd 1003 (1st Cir. 1986) (joint administration helps the Bankruptcy Court administer economically and efficiently different estates with substantial interests in common).  Requests for joint administration of bankruptcy cases have been granted in this District.  *See*, *e.g.*, *In re Metro. Mortgage & Secs. Co.*, No. 42, Case No. 04-00757-FPC11 (Bankr. E.D. Wash. Feb. 4, 2004).  Furthermore, despite LBR 1015-1(b)(1)'s general requirement that motions for joint administration be on twenty-one (21) days' notice and hearing, this Court has effectively waived that requirement before and authorized joint administration on the first day of a chapter 11 case, on the same day the motion for joint administration was filed.  *Id*.  Here, too, the Debtors request waiver of the strict notice requirement of LBR 1015-

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1(b)(1) and request that this Motion be granted—and joint administration be authorized—on shortened notice and without a hearing.

Joint administration of these estates is designed to allow for more expeditious and less expensive administration of related cases. The Advisory Committee Note (1983) to Bankruptcy Rule 1015 states:

> Joint administration is distinguished from consolidation and may include combining the estates by using a single Docket for the Matters occurring in the administration, including the listing of filed claims, the combining of Notices to Creditors of different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

In this regard, joint administration for procedural and administrative matters differs significantly from substantive consolidation, in which the Debtors' assets and liabilities are pooled and the creditors of the separate entities jointly share *pro rata* in the aggregate net value of the estates. *See In re Standard Brands Paints Co.,* 154 B.R. 563 (Bankr. C.D. Cal. 1993); *In re I.R.C., Inc.,* 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989).

Joint administration is merely procedural, and there is no impact on the substantive rights of creditors. *In re Gianulias*, No. BAP CC-12-1194-PADKL, 2013 WL 1397430, at *6 (B.A.P. 9th Cir. Apr. 5, 2013); *In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr. E.D. Ark 1986). Each creditor may still file its claim against a particular Debtor's estate by filing its proof of claim in the estate of the

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1  particular Debtor against who the claim is asserted.

2      Joint administration also is envisioned by LBR 1015-1(b)(1), which

3  expressly sets forth certain requirements for a "motion for an order that two or more

4  cases be jointly administered[.]" Again, although that rule also includes certain

5  notice procedures, this Court can and has effectively waived them. *Metro.*

6  *Mortgage,* at No. 42 (entering joint administration order on first day of chapter 11

7  case). The Debtors request similar waiver in this instance.

8      The Debtors request entry of an order that will enable the Chapter 11 Cases

9  to proceed expeditiously and efficiently from immediately after the filing date.

10  Joint administration of these Debtors' estates will maximize and preserve the estate

11  for the benefit of their creditors. Bankruptcy Rule 1001 provides, in pertinent part,

12  "[t]hese rules shall be construed to secure the just, speedy and inexpensive

13  determination of every case and proceeding." The Debtors are requesting that the

14  Court expeditiously enter an order to secure the just, speedy, and inexpensive

15  administration of these related Chapter 11 Cases.

16      Joint administration of the Chapter 11 Cases of the Debtors is warranted and

17  appropriate under Bankruptcy Rule 1015(b). As set forth in the attached

18  Declaration of John Gallagher, the affairs of the Debtors are sufficiently intertwined

19  to make joint administration of their Chapter 11 Cases more efficient and

20  economical than separate administration. Gallagher Dec. ¶ 21. For example: the

21  Debtors are "affiliates" of each other as that term is defined in the Bankruptcy

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE                    15
110697523\V-6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Code, inasmuch as the twelve Debtor entities related to Astria are all either its direct or indirect subsidiaries. *See id.*; 11 U.S.C. § 101(2).

Furthermore, the Debtors have systemized many of their operations, with ongoing plans to continue systemizing the rest, so that functions once performed by each Debtor are being transitioned and performed by Astria and have already been or are in the process of being standardized, such as pharmacy operations, credentialing, IT and case management. Gallagher Dec. ¶ 22. Employees across all three Hospitals are represented by the same two Unions. *Id.*

Moreover, the Debtors share common creditors, many of which are identified in the consolidated list of the 30 largest unsecured creditors for all of the Chapter 11 Cases filed in each case. *Id.* at ¶ 23. Many of the Debtors' largest trade vendors provide goods and/or services to all of the Hospitals. As part of the capital structure, multiple Debtors are obligated on multiple obligations. *Id.*

As set forth in the Gallagher Declaration, the Debtors believe that joint administration of the Chapter 11 Cases will provide significant administrative efficiencies without harming the substantive rights of any party in interest. *Id.* at ¶3. Many of the motions, hearings and orders that will be filed in the Chapter 11 Cases almost certainly will affect each of the Debtors. The entry of an order directing joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings, objections, notices, and hearings, and will allow all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

The relief requested in the Joint Administration Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest and will enable the Debtors to continue to operate their businesses in chapter 11 with the least disruption. *Id.*

The rights of the creditors of the respective Debtors' estates will not be adversely affected by the proposed joint administration of these Chapter 11 Cases, as the relief sought is purely procedural and is not intended to affect substantive rights. The Debtors believe that there would be no material prejudice to any creditor if the Debtors' Chapter 11 Cases are jointly administered. To the contrary, the Debtors' creditors will benefit from a substantial reduction of administrative costs and fees and will receive streamlined, appropriate notice of pertinent matters. Moreover, to the extent any conflict between the estates arises, the Court may take such steps as are required in the future, to modify its joint administration order to eliminate any such conflict.

The Clerk's Office will be relieved of the burden of having to maintain separate pleading files and separate Dockets with duplicative entries, while other professionals will be relieved of duplicate noticing and excessive copying costs associated with separate service of identical pleadings in each of the Debtors' Chapter 11 Cases. Creditors will only need to review a single pleading and docket to determine case status, rather than having to review pleadings and dockets in all pending Chapter 11 Cases. Supervision of the administrative aspects of the Chapter

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

11 Cases by the Office of the United States Trustee also will be simplified.

In summary, entry of an order granting this Motion will eliminate the further need for the Debtors to file identical motions and orders in each of their Chapter 11 Cases when seeking relief that is common to the Debtors or to more than one Debtor; joint administration will prevent the waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders; and joint administration will permit the avoidance of substantial (and duplicative) copy costs and service costs to these estates associated with the filing and serving of motions and other pleadings in multiple cases. Based on the foregoing, the Debtors respectfully submit that joint administration is in the best interests of creditors and these estates and that cause exists to grant the Motion.

In the event the Court orders joint administration of these Chapter 11 Cases, the Debtors respectfully suggest that the **Astria case be used as the lead case** and that the following caption be approved:

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re

ASTRIA HEALTH, *et al.*,[1]

Debtor and Debtor
In Possession.

Chapter 11
Lead Case No. 19-01189-11
Jointly Administered

[1] The Debtors, along with their case numbers, are as follows: Astria Health (19-01189-11), Glacier Canyon, LLC (19-01193-11), Kitchen and Bath Furnishings, LLC (19-01194-11), Oxbow Summit, LLC (19-01195-11), SHS Holdco, LLC (19-01196-11), SHC Medical Center - Toppenish (19-01190-11), SHC Medical Center - Yakima (19-01192-11), Sunnyside Community Hospital Association (19-01191-11), Sunnyside Community Hospital Home Medical Supply, LLC (19-01197-11), Sunnyside Home Health (19-01198-11), Sunnyside Professional Services, LLC (19-01199-11), Yakima Home Care Holdings, LLC (19-01201-11), and Yakima HMA Home Health, LLC (19-01200-11).

To assist creditors, the Debtors propose that the Clerk of the Court place the following notation in the docket for each of the Debtors' Chapter 11 Cases:

An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Astria Health (Case No. 19-01189-11), Glacier Canyon, LLC (Case No. 19-01193-11), Kitchen and Bath Furnishings, LLC (Case No. 19-01194-11), Oxbow Summit, LLC (Case No. 19-01195-11), SHC Holdco, LLC (Case No. 19-01196-11), SHC Medical Center - Toppenish (Case No. 19-01190-11), SHC Medical Center - Yakima (Case No. 19-01192-11), Sunnyside Community Hospital Association (Case No. 19-01191-11), Sunnyside Community Hospital Home Medical Supply, LLC (Case No. 19-01197-11),

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE

110697523\V-6

19

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Sunnyside Home Health (Case No. 19-01198-11), Sunnyside Professional Services, LLC (Case No. 19-01199-11), Yakima Home Care Holdings, LLC (Case No. 19-01201-11), and Yakima HMA Home Health, LLC (Case No. 19-01200-11).

Consult the Docket in Case No. 19-01189-11 for all matters affecting these cases.

The Debtors also will serve a copy of the Order upon all parties in interest, notifying creditors that the Chapter 11 Cases are being jointed administered.

## B. Establishing Limited Notice Procedures In These Cases Is Appropriate

The Bankruptcy Code, the Bankruptcy Rules, and the LBR provide this Court with authority to establish case management procedures that are tailored to address the specific needs of a given case and reduce the costs of providing notice. Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m). Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007. In addition, the Local Rules specifically authorize the Court to limit the parties entitled to receive notice to "those with a potential good faith objection to the proposed order or action" and establish a limited mailing list for such purposes. LBR 2002-1(b)(1),

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(d)(1)(B).

Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 102(1)(A) further provides that the phrase "after notice and a hearing" as used in the Bankruptcy Code shall be construed as meaning "such notice as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Moreover, courts possess the inherent power to manage cases before them in an efficient manner. *See In re DSC, Ltd.*, 325 B.R. 741, 744 (Bankr. E.D. Mich. 2005) ("In setting an earlier, pre-trial deadline in this case, the Court simply exercised its normal case management authority, in the interest of orderly, fair, and efficient proceedings. The Court clearly has such authority, under the Bankruptcy Rules and applicable rules.").

Bankruptcy Rule 2002(i) provides, in pertinent part:

> [T]he Court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

Fed. R. Bankr. P. 2002(i). In addition, Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014 and 9019 each allow this Court to determine those parties to whom the Debtors must provide notice.

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE                    21
110697523\V-6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

LBR 2002-1 expressly allows for there to be two separate mailing lists: a Master Mailing List ("MML") and a Limited Mailing List ("LML"). The LBR provides that both lists will be maintained by the office of the Clerk, with the MML produced and maintained automatically, and the LML established after notice and hearing. LBR 2002-1(d)(1)(A)-(B). Once these lists are established, any "[n]otice required . . . to be given to all creditors is *presumed to be appropriate* if provided to all entities on an MML *or LML* retrieved from the database of the court within five (5) days of the notice, and as required by [Bankruptcy Rules] 2002 and 9036." LBR 2002-1(d)(1) (emphasis added). Furthermore, this Court has previously granted similar relief. *See, e.g., In re The Catholic Bishop of Spokane a/k/a The Catholic Diocese of Spokane*, No. 15, Case No. 04-08822-FPC11 (Bankr. E.D. Wash. Dec. 6, 2004).

Given that there are approximately one thousand creditors in this case, it would be impractical and would impose a large administrative and economic burden upon the Debtors' estates if the Debtors were required to mail notice of every matter in this Case to all parties listed on the creditor matrix. Under the circumstances, the Debtors request that the notice procedures outlined below (the "Notice Procedures") be implemented to establish an efficient protocol to provide notice to interested parties in this case.

### 1. Proposed Notice Procedures

As permitted by Bankruptcy Rules 2002(i) and (m) and LBR 2002-1, the

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Debtors propose that the Court enter an order that, to the extent allowed, limits the parties upon whom the Debtors must serve the Limited Notice Matters in these Chapter 11 Cases. This Order should also designate the manner of service as set forth below regarding all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate the manner of service, including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006 or 6007 and LBR 2002-1, 6004-1, 6006-1 or 6007-1. It is well within the Court's authority to regulate notices and to approve the notice procedures proposed by the Debtors. Further, these notice procedures will minimize administrative burdens in this Case without diminishing creditor participation.

a. *Service of Limited Notice Matters that Are Not Emergency or Expedited Motions*

Specifically, the Debtors propose that notices regarding the Limited Notice Matters that will be heard on regular notice be served by first class mail upon only the LML, comprising the following: (a) counsel to the Debtors (Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017, Attn: Samuel R. Maizel, Esq.; Dentons US LLP, 1900 K Street, Washington, DC 20006, Attn: Sam J. Alberts, Esq.; Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101, Attn: James L. Day, Esq.), (b) the Office of the United States Trustee, (c) the creditors appearing on the list filed in accordance with Bankruptcy Rule 1007(d) by the Debtors unless and until a Committee is appointed and it retains

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE    23
110697523\V-6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-FLK11    Doc 3    Filed 05/06/19    Entered 05/06/19 13:34:58    Pg 23 of 274

counsel, then in such event, to counsel for the Committee, (d) the United States of America, by service to the Attorney General of the United States and the United States Attorney for the Eastern District of Washington, and any department or agency of the United States of America that is affected by the Limited Notice Matter until counsel for the United States makes an appearance on behalf of that department or agency, and, thereafter on that counsel, (e) the State of Washington, by service to the Attorney General of Washington, and any department or agency of the State that is affected by the Limited Notice Matter until counsel for the State makes an appearance on behalf of that department or agency, and thereafter on that counsel, (f) parties that file with the Court and serve upon the Debtors requests for notice of all matters in accordance with Bankruptcy Rule 2002(i) and who expressly request hard copy service (and absent such request, will receive service electronically, consistent with LBR 2002-1(b)(3)), (g) all secured lenders, (h) counsel for the lenders providing debtor in possession financing (Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, NY 10019, Attn: Robert M. Hirsh, Esq. and Jordana L. Renert, Esq.), and (h) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel.

   b.   *Service of Limited Notice Matters that Require Emergency or Expedited Relief*

Pursuant to LBR 2002-1(b)(3), motions filed in these Chapter 11 Cases that require emergency or expedited relief must be served by email, fax or personal

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

service. In some instances, service by one of the means listed is not possible within the time frame available or is not practical (*e.g.*, service on a very large group for which a debtor has no fax or email addresses readily available). The Debtors propose that service of emergency or expedited Limited Notice Matters be upon only the LML and that, in addition to the service methods authorized by LBR 2002-1(b)(3), service of emergency or expedited Limited Notice Matters by overnight delivery be authorized if such notice will be delivered prior to the scheduled hearing time.

## 2.   The Limited Notice Procedures Are Necessary and Appropriate

The above proposed limited notice procedures are necessary and appropriate given that the creditor body is large and many of the creditors would not be interested in receiving copies of all the Limited Notice Matters, but would find service of all these motions and other documents wasteful. Requiring notice to, and service upon, so many parties, therefore, would substantially augment the cost and administrative burden on the Debtors, without conferring any meaningful benefit to the Debtors' estates, and thus would diminish the assets ultimately available for the operations of the Debtors and distributions to creditors. Further, allowing service of an emergency motion by overnight delivery in the instances outlined above provides parties on the LML with adequate notice and preserves the Debtors' ability to bring such matters on a timely and efficient basis. The Debtors submit that such notice constitutes due and sufficient notice of the Limited Notice Matters.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

If this Motion is granted, the Debtors will provide a copy of the LML to any creditor or party in interest that requests it. *The Debtors will also send a copy of any order granting this Motion to all known creditors*.

## NOTICE

Counsel to the Debtors will serve this Motion, the Declaration of John Gallagher, and the Notice of First Day Motions on: (i) the Office of the United States Trustee; (ii) all secured lenders and lenders providing debtor in possession financing; (iii) the thirty (30) largest general unsecured creditors appearing on the consolidated list filed in accordance with Bankruptcy Rule 1007(d); (iv) the United States of America and the State of Washington; and (vi) parties that file with the Court and serve upon the Debtors requests for notice of all matters in accordance with Bankruptcy Rule 2002(i).

In the event that the Court grants the relief requested by the Motion, the Debtors shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest in accordance with the Local Bankruptcy Rules and as the Court directs. The Debtors submit that such notice is sufficient and that no other or further notice be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Emergency Motion be granted and an Order be issued that:

(1)     authorizes the joint administration of the Debtor's bankruptcy estates;

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE                    26
110697523\V-6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    (2)    approves the form of caption suggested herein;

2    (3)    authorizes the use of consolidated lists;

3    (4)    approves the limited notice procedures set forth herein, specifically the

4           use of the LML for Limited Notice Matters; and

5    (5)    grants such other and further relief as this Court deems just and proper

6           under the circumstances.

7    Dated:  May 6, 2019

8                                        /s/ James L. Day
                                    JAMES L. DAY (WSBA #20474)
9                                   BUSH KORNFELD LLP

10                                  SAMUEL R. MAIZEL (*Pro Hac Vice*
                                    pending)
11                                  SAM J. ALBERTS (WSBA #22255)
                                    DENTONS US LLP

12                                  *Proposed Attorneys for the Chapter 11*
13                                  *Debtors and Debtors In Possession*

14

15

16

17

18

19

20

21

MOTION FOR JOINT ADMINISTRATION
AND LIMITED NOTICE                          27
110697523\V-6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104