JAMES L. DAY (WSBA #20474)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel: (206) 521-3858
Email: jday@bskd.com

SAMUEL R. MAIZEL (Admitted *Pro Hac Vice*)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300
Fax: (213) 623-9924
Email: samuel.maizel@dentons.com

SAM J. ALBERTS (WSBA #22255)
DENTONS US LLP
1900 K. Street, NW
Washington, DC 20006
Tel: (202) 496-7500
Fax: (202) 496-7756
Email: sam.alberts@dentons.com

*Attorneys for the Chapter 11 Debtors and Debtors In Possession*

HONORABLE WHITMAN L. HOLT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ASTRIA HEALTH, *et al.*,<br><br>Debtors and Debtors in Possession.[1] | Chapter 11<br>Lead Case No. 19-01189-11<br>Jointly Administered<br><br>**DEBTORS' MOTION TO REJECT, PURSUANT TO 11 U.S.C. § 365(A), CERTAIN AGREEMENTS WITH FIRST CHOICE HEALTH NETWORK *NUNC PRO TUNC* TO NOVEMBER 18, 2019; DECLARATION OF JOHN M. GALLAGHER IN SUPPORT THEREOF** |

---

[1] The Debtors, along with their case numbers, are as follows: Astria Health (19-01189-11), Glacier Canyon, LLC (19-01193-11), Kitchen and Bath Furnishings, LLC (19-01194-11), Oxbow Summit, LLC (19-01195-11), SHS Holdco, LLC (19-01196-11), SHC Medical Center - Toppenish (19-01190-11), SHC Medical Center - Yakima (19-01192-11), Sunnyside Community Hospital Association (19-01191-11), Sunnyside Community Hospital Home Medical Supply, LLC (19-01197-11), Sunnyside Home Health (19-01198-11), Sunnyside Professional Services, LLC (19-01199-11), Yakima Home Care Holdings, LLC (19-01201-11), and Yakima HMA Home Health, LLC (19-01200-11).

**MOTION TO REJECT FIRST CHOICE AGREEMENTS** — 1

112888480\V-8
US_Active\113565588\V-4

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 761    Filed 11/18/19    Entered 11/18/19 13:05:42    Pg 1 of 13

Astria Health, a Washington nonprofit public benefit corporation ("Astria"), and the above-referenced affiliated debtors and debtors in possession (the "Debtors") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"),[2] in these chapter 11 cases (the "Chapter 11 Cases"), by and through the undersigned counsel of record, respectfully request the entry of an order pursuant to 11 U.S.C. § 365(a), authorizing the Debtors to reject certain Healthcare Facility Agreements (the "Agreements," as further defined herein) between First Choice Health Network, Inc. ("FCHN") and the Debtors SHC Medical Center - Toppenish ("Toppenish"), SHC Medical Center - Yakima ("Yakima"), and Sunnyside Community Hospital Association ("Sunnyside," and referred to collectively with Toppenish and Yakima as the "Hospitals").

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the

---

[2] All references to § herein are to sections of the Bankruptcy Code. All references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "LBR" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court").

**MOTION TO REJECT FIRST CHOICE AGREEMENTS**   2

112888480\V-8
US_Active\113565588\V-4

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11   Doc 761   Filed 11/18/19   Entered 11/18/19 13:05:42   Pg 2 of 13

Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for this Motion is § 365(a).

## II. BACKGROUND

**A. General Background**

1. On May 6, 2019 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code. These Chapter 11 Cases are being jointly administered before this Court. [Docket No. 10]. The Debtors are operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

2. Debtor Astria, a Washington nonprofit corporation, is the direct or indirect corporate member of several entities that make it the largest non-profit healthcare system based in Eastern Washington. The Astria system is headquartered in the heart of Yakima Valley, Washington, with operating hospitals in Yakima, Sunnyside, and Toppenish, Washington.

3. The Astria system includes three Hospitals: Yakima, a 214-bed hospital in Yakima, Washington; Sunnyside, a 38-bed critical access hospital in Sunnyside, Washington; and Toppenish, a 63-bed hospital in Toppenish, Washington. In addition to collectively having 315 licensed beds, the Hospitals have three active emergency rooms and a host of medical specialties. The Astria system also has outpatient Astria Health Centers (14 medical clinics and 24 specialty clinics), the

**MOTION TO REJECT
FIRST CHOICE AGREEMENTS**

112888480\V-8
US_Active\113565588\V-4

3

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 761    Filed 11/18/19    Entered 11/18/19 13:05:42    Pg 3 of 13

Ambulatory Surgical Center, Astria Hearing and Speech, and Astria Home Health and Hospice.

4. The Astria system provides medical treatments to approximately 346,400 patients annually, including approximately 7,344 who spend at least one night in its Hospitals during the year. Astria's necessity to the health and welfare of the people of the Yakima Valley is evidenced by several facts, including having the only open-heart surgery, neurosurgery, and elective cardiac catheterization programs in Yakima County; the only hospitals in Sunnyside and Toppenish, Washington; and the only obstetric services in the Lower Valley (both at Sunnyside and Toppenish).

5. The system currently employs approximately 1,500 employees (making it one of the largest employers in the Yakima Valley), plus an additional 172 contract personnel, and approximately 600 doctors have privileges at the Hospitals.

6. On May 24, 2019, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors in these Chapter 11 Cases.

7. Additional background facts on the Debtors, including an overview of the Debtors' business, information on the Debtors' capital structure, and events leading up to these Chapter 11 Cases, are contained in the *Declaration of John M. Gallagher in Support of Emergency First Day Motions* [Docket No. 21].

**MOTION TO REJECT FIRST CHOICE AGREEMENTS**  4

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

112888480\V-8
US_Active\113565588\V-4

19-01189-WLH11   Doc 761   Filed 11/18/19   Entered 11/18/19 13:05:42   Pg 4 of 13

**B.     Facts Relevant to the Motion**

8.     FCHN contracts with medical providers to create a network of preferred provider organizations (the "PPO Network") who agree to provide medical care to the members of FCHN's healthcare plan (the "Covered Patients") at certain rates that are lower than rates charged by providers who do not belong to the PPO Network.

9.     Prepetition, each of the Hospitals entered into Agreements with FCHN,[3] wherein they each agreed to pay a monthly fee to FCHN to belong to FCHN's PPO Network. Specifically, Yakima agreed to pay FCHN $12,412 per month, Toppenish agreed to pay FCHN $706 per month, and Sunnyside agreed to pay FCHN $1,756 per month for access to FCHN's PPO Network. By belonging to the PPO Network, the Debtors hoped to attract the Covered Patients to the Hospitals. Under the Agreements, FCHN is also obligated to coordinate payment from payors to the Hospitals for medical services rendered to Covered Patients.

10.    However, only a small percentage of the Debtors' patients are Covered Patients. On average, the Debtors generate approximately $5,000 of collectible revenues per month for medical services provided by the Hospitals to Covered

---

[3] Yakima and Toppenish entered into the Agreement with FCHN on November 19, 1993 (as amended on August 1, 2012). Sunnyside entered into the Agreement with FCHN on October 4, 1993.

**MOTION TO REJECT FIRST CHOICE AGREEMENTS**     5

112888480\V-8
US_Active\113565588\V-4

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11   Doc 761   Filed 11/18/19   Entered 11/18/19 13:05:42   Pg 5 of 13

Patients. This is substantially less than the approximate $15,000 of monthly fees paid to FCHN under the Agreements so that the Hospitals may belong to the PPO Network.

11. Also, the Covered Patients can access medical care from the Debtors' hospitals through the use of other silent PPO networks.[4] Thus, patient volume at the Debtors' Hospitals would not decrease if the Hospitals were not members of the PPO Network.

12. Accordingly, the Debtors are losing money each month under the Agreements and have no continued need to belong to FCHN's PPO Network. Rejection of the Agreements is in the best interests of the Debtors' estates.

### III. ARGUMENT

**A. The Debtors Have the Right to Reject the Agreements Pursuant to § 365(a).**

Section 365(a) authorizes a debtor in possession, "subject to the Court's approval . . . [to] assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a) (made applicable by § 1107(a)). A debtor in possession may assume or reject executory contracts for the benefit of its estate and its creditors.

---

[4] A silent PPO network is an organization that accesses a discounted rate for medical services from a health care provider without direct authorization from the provider to do so.

MOTION TO REJECT
FIRST CHOICE AGREEMENTS
112888480\V-8
US_Active\113565588\V-4

6

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 761    Filed 11/18/19    Entered 11/18/19 13:05:42    Pg 6 of 13

*Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*, 476 F.2d 665, 671 (9th Cir. 2007); *In re Chi-Feng Huang*, 23 B.R. 798, 801 (B.A.P. 9th Cir. 1982) ("The primary issue is whether rejection would benefit the general unsecured creditors."). "The purpose of the power to reject is to augment the estate of the debtor." *Chi-Feng Huang*, 23 B.R. at 800 (quoting Krasnowiecki, *The Impact of the New Bankruptcy Reform Act on Real Estate Development and Financing*, 53 AM. BANKR. L.J. 363, 382 (1979)).

Section 365 does not provide a definition of what constitutes an executory contract. However, the Ninth Circuit has adopted the standard *Countryman* definition of an executory contract, which is a contract "under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *See, e.g., In re Robert L. Helms Constr. & Dev. Co., Inc.*, 139 F.3d 702, 705 (9th Cir. 1998).

Here, the Hospitals and FCHN each have material unperformed obligations under the Agreements. Specifically, among other things, the Hospitals must provide medical services to Covered Patients and pay a monthly fee to FCHN. FCHN, conversely, must provide the Hospitals access to the PPO Network and coordinate payment from payors to the Hospitals for medical services rendered. Thus, the Agreements are executory contracts and the Debtors have the right to reject the

**MOTION TO REJECT FIRST CHOICE AGREEMENTS** 7

112888480\V-8
US_Active\113565588\V-4

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 761    Filed 11/18/19    Entered 11/18/19 13:05:42    Pg 7 of 13

Agreements pursuant to § 365(a).

**B.  Rejection of the Agreements Is Within the Debtors' Sound Business Judgment.**

In reviewing a debtor in possession's decision to assume or reject an executory contract, a bankruptcy court should apply the "business judgment test" to determine whether to approve the assumption or rejection. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523, 104 S. Ct. 1188, 79 L. Ed. 2d 482 (1984) (recognizing that the business judgment rule is used in reviewing motions to reject executory contracts); *Pomona Valley Med. Grp.*, 476 F.2d at 670.

The business judgment standard requires that the bankruptcy court "presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Pomona Valley Med. Grp.*, 476 F.2d at 670. As a result, the bankruptcy court should approve rejection "unless it finds that the debtor-in-possession's conclusion that rejection would be 'advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" *Id.* (quoting *Lubrizol Enters. v. Richmond Metal Finishers*, 726 F.2d 1043, 1047 (4th Cir. 1985)).

The Debtors are losing money each month under the Agreements and no longer have a need to access FCHN's PPO Network. Therefore, the Debtors have decided to reject the Agreements. As discussed, the Hospitals each entered into the

**MOTION TO REJECT FIRST CHOICE AGREEMENTS**

112888480\V-8
US_Active\113565588\V-4

8

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 761    Filed 11/18/19    Entered 11/18/19 13:05:42    Pg 8 of 13

Agreements with FCHN to belong to the PPO Network and provide medical services to Covered Patients to increase revenues at the Hospitals. However, only a small percentage of the Debtors' patients are Covered Patients. The collectible revenues generated from medical services provided to these Covered Patients are substantially less than the monthly fees paid under the Agreements. Thus, the Hospitals are losing money each month under the Agreements.

Moreover, if the Hospitals were not members of the PPO Network, the Covered Patients could still access medical services at the Hospitals through the use of other silent PPO networks. Thus, the rejection of the Agreements will not reduce patient volume at the Hospitals.

Accordingly, rejection of the Agreements as of November 18, 2019 (the date of this Motion) (*see In re At Home Corp*., 392 F.3d 1064 (9th Cir. 2004) (approving retroactive rejection of lease to date of motion to reject)), is in the estates' best interests, and such a decision falls squarely within the Debtors' sound business judgment.

## V. CONCLUSION

For all the foregoing reasons and such additional reasons as may be advanced at or prior to the hearing on this Motion, the Debtors respectfully request that this Court enter an order authorizing them to reject the Agreements as of November 18, 2019, and granting such other and further relief as is just and proper under the

**MOTION TO REJECT FIRST CHOICE AGREEMENTS**  9

112888480\V-8
US_Active\113565588\V-4

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 761    Filed 11/18/19    Entered 11/18/19 13:05:42    Pg 9 of 13

1 circumstances.

2 Dated: November 18, 2019          DENTONS US LLP
                                                  SAMUEL R. MAIZEL
3                                                       SAM A. ALBERTS

4

5                                                    By   */s/ Samuel R. Maizel*
                                                                 SAMUEL R. MAIZEL
6                                                   Attorneys for the Chapter 11 Debtors
                                                  and Debtors In Possession

**MOTION TO REJECT FIRST CHOICE AGREEMENTS**     10

112888480\V-8
US_Active\113565588\V-4

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 761    Filed 11/18/19    Entered 11/18/19 13:05:42    Pg 10 of 13

# DECLARATION OF JOHN M. GALLAGHER

I, John M. Gallagher, declare that if called on as a witness, I would and could testify of my own personal knowledge as follows:

1. I am the President and Chief Executive Officer ("CEO") of Astria Health ("Astria"). I am employed by AHM, Inc. ("AHM"), a nondebtor entity that provides management services to Astria and its affiliated debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases").

2. The statements herein are based upon my personal knowledge of the facts and information gathered by me in my capacity as CEO for Astria.

3. First Choice Health Network, Inc. ("FCHN") contracts with medical providers to create a network of preferred provider organizations (the "PPO Network") who agree to provide medical care to the members of FCHN's healthcare plan (the "Covered Patients") at certain rates that are lower than rates charged by providers who do not belong to the PPO Network.

4. Prepetition, Debtors SHC Medical Center - Toppenish ("Toppenish"), SHC Medical Center - Yakima ("Yakima"), and Sunnyside Community Hospital Association ("Sunnyside," and referred to collectively with Toppenish and Yakima as the "Hospitals") each entered into Healthcare Facility Agreements (the

MOTION TO REJECT
FIRST CHOICE AGREEMENTS

11

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

112888480\V-8
US_Active\113565588\V-4

19-01189-WLH11    Doc 761    Filed 11/18/19    Entered 11/18/19 13:05:42    Pg 11 of 13

"Agreements") with FCHN,[5] wherein they each agreed to pay a monthly fee to FCHN to belong to FCHN's PPO Network.  Specifically, Yakima agreed to pay FCHN $12,412 per month, Toppenish agreed to pay FCHN $706 per month, and Sunnyside agreed to pay FCHN $1,756 per month for access to FCHN's PPO Network.  By belonging to the PPO Network, the Debtors hoped to attract the Covered Patients to the Hospitals.  Under the Agreements, FCHN is also obligated to coordinate payment from payors to the Hospitals for medical services rendered to Covered Patients.

5. However, only a small percentage of the Debtors' patients are Covered Patients.  On average, the Debtors generate approximately $5,000 of collectible revenues per month for medical services provided by the Hospitals to Covered Patients.  This is substantially less than the approximate $15,000 of monthly fees paid to FCHN under the Agreements so that the Hospitals may belong to the PPO Network.

---

[5] Yakima and Toppenish entered into the Agreement with FCHN on November 19, 1993 (as amended on August 1, 2012).  Sunnyside entered into the Agreement with FCHN on October 4, 1993.

**MOTION TO REJECT FIRST CHOICE AGREEMENTS** — 12

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

112888480\V-8
US_Active\113565588\V-4

19-01189-WLH11    Doc 761    Filed 11/18/19    Entered 11/18/19 13:05:42    Pg 12 of 13

6. Also, the Covered Patients can access medical care from the Debtors' hospitals through the use of other silent PPO networks.[6] Thus, patient volume at the Debtors' Hospitals would not decrease if the Hospitals were not members of the PPO Network.

7. Thus, I believe that rejection of the Agreements is in the best interests of the Debtors' estates. The Debtors are losing money each month under the Agreements and have no continued need to belong to FCHN's PPO Network.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 18, 2019

ASTRIA HEALTH

By: _____
John M. Gallagher
Chief Executive Officer

---

[6] A silent PPO network is an organization that accesses a discounted rate for medical services from a health care provider without direct authorization from the provider to do so.

MOTION TO REJECT FIRST CHOICE AGREEMENTS — 13

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

112888480\V-8
US_Active\113565588\V-4

19-01189-WLH11    Doc 761    Filed 11/18/19    Entered 11/18/19 13:05:42    Pg 13 of 13