DARIN M. DALMAT (WSBA No. 51384)     HONORABLE WHITMAN L. HOLT
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
Tel: (206) 257-6028 / Fax: (206) 257-6048
Email: dalmat@workerlaw.com

# UNITED STATE BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| IN RE: | Chapter 11 |
|---|---|
| ASTRIA HEALTH, *et al*. | Lead Case No. 19-01189-11<br>(Jointly Administered)<br>**WSNA's EMERGENCY MOTION FOR RECONSIDERATION OF THE ORDER AUTHORIZING CLOSURE OF MEDICAL CENTER** |
| Debtors.[1] | |

---

[1] The Debtors, along with their case numbers, are as follows: Astria Health (19-01189-11), Glacier Canyon, LLC (19-01193-11), Kitchen and Bath Furnishings, LLC (19-01194-11), Oxbow Summit, LLC (19-01195-11), SHS Holdco, LLC (19-01196-11), SHC Medical Center - Toppenish (19-01190-11), SHC Medical Center - Yakima (19-01192-11), Sunnyside Community Hospital Association (19-01191-11), Sunnyside Community Hospital Home Medical Supply, LLC (19-01197-11), Sunnyside Home Health (19-01198-11), Sunnyside Professional Services, LLC (19-01199-11), Yakima Home Care Holdings, LLC (19-01201-11), and Yakima HMA Home Health, LLC (19-01200-11).

MOTION FOR RECONSIDERATION - 1
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800 238 4231 | FAX 206 378 4132  **LAVITT LLP**

19-01189-WLH11    Doc 876    Filed 01/10/20    Entered 01/10/20 12:32:18    Pg 1 of 14

**REQUESTED RELIEF**

The Court's January 8 decision [Docket Entry 874] allowing the Debtors to shutter the SHC Medical Center – Yakima d/b/a Astria Regional Medical Center (Medical Center) will have a profound negative impact on the community that the Medical Center serves, depriving local residents of a trauma center that provides emergency care to those in urgent need. The Court's closure order will also upend the lives of scores of dedicated professionals employed at the Medical Center. Yet, in a remarkable breach of due process and fundamental fairness, the Court rendered its decision without giving *any* notice or *any* chance to be heard to parties in interest, including the Washington State Nurses' Association (WSNA), a creditor in this case that serves as collective bargaining representative of the nurses employed at the Medical Center.

Debtors styled their January 3 motion for authorization to close the Medical Center [Docket Entry 867] as an "emergency" motion even though no emergency exists. Worse, Debtors filed their motion under seal precisely in order to keep the employees, patients and the members of the local community in the dark about its plan, and to prevent them from raising any opposition to it in this Court. Because the Medical Center provides services that are not otherwise available in the community, the Court was deprived of adequate information when it determined that the Debtor's motion was based on a business judgment. Such a secret motion,

MOTION FOR RECONSIDERATION - 2
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 206.257.6003 FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

19-01189-WLH11    Doc 876    Filed 01/10/20    Entered 01/10/20 12:32:18    Pg 2 of 14

particularly on a critical matter like the closure of a local health center, is anathema to the proper conduct of bankruptcy proceedings and constitutes an outrageous violation of creditor rights. The Court should give WSNA (and any other party in interest whose due process rights were denied), an opportunity to be heard. Accordingly, WSNA respectfully requests that the Court reconsider its closure order and schedule a hearing, as soon as next week, to allow WSNA (and possibly others) to present their arguments and evidence opposing the shutdown.

Because the shutdown is expected to commence as early as Monday, January 13, 2020, and, indeed, several nurses have been told today that today is their last day, WSNA respectfully asks the Court to issue an emergency order as soon as possible and no later than January 13, 2020, staying the closure until a hearing can occur, which WSNA requests as early as next week.

## STATEMENT OF FACTS

Because of the *ex parte* nature of the proceedings to date, WSNA only learned two days ago of the Debtors' plan to close the Medical Center, and thus has not had adequate opportunity to develop all facts material to the Debtors' closure motion. WSNA nonetheless has a good-faith belief that it could prove the following facts at a hearing.

**I.  Astria sought the Medical Center's closure without giving WSNA or other parties in interest notice or an opportunity to be heard, and the Court approved the closure without such notice or opportunity.**

MOTION FOR RECONSIDERATION - 3
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800 238 4231 | FAX 206 378 4132  **LAVITT LLP**

19-01189-WLH11    Doc 876    Filed 01/10/20    Entered 01/10/20 12:32:18    Pg 3 of 14

On January 3, 2019, the Debtors filed an *ex parte* motion to seal their Emergency Motion to Close the Medical Center. [Doc. 866]. In a deliberate effort to hide the Debtors' plan to close the hospital from certain parties that might object, the sealing motion did not describe even in general terms the relief the Debtors sought in the underlying motion. Like the rest of the public, WSNA had no notice whatsoever that the Debtors intended to close the Medical Center. The only justification the Debtors offered for these secret proceedings was their purported desire not to disrupt operations or file confidential commercial information. *Id.* at 6. They did not as much as attempt to show that less drastic measures, such as redacting any putatively confidential information within the motion, would have been inadequate for their needs.

Quite properly, the Official Committee of Unsecured Creditors (Committee) objected to the *ex parte* request. The Committee stressed that acceding to the request would necessarily result in the motion being uncontested—a result that is inimical to the open nature of the bankruptcy process and federal judicial system. Doc. 869 at 2 (citing cases). The Committee also contested that the underlying motion contained any confidential information at all. *Id.* It further showed that the Debtors had failed to explain the disruption they alleged would occur had the creditors and public known of the Debtors' closure plans five days before they were announced as a finality. *Id.* at 5.

MOTION FOR RECONSIDERATION - 4
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 206.257.1237 | FAX 206.378.4132  **LAVITT LLP**

On January 8, the Court properly denied the Debtors' request to seal their motion for authorization to close the Medical Center [Doc. 874] but it then erred by approving the closure motion the same day. The Court thereby deprived WSNA and other creditors and stakeholders from learning of the closure motion until it was too late for them to be heard on it.

WSNA only learned of the Debtors' plan to close the Medical Center on January 8, when the Debtors sent WSNA a notice under the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §2101 *et seq*. Congress enacted the WARN Act, which requires employers to give 60 days advance notice of a shutdown, to give employees an opportunity to prepare themselves and their families before suffering the blow of job loss. Based on this Court's emergency Order, here Astria has announced it is laying off its entire workforce and shutting down starting January 13—5 days after the first notice to nurses who face immediate unemployment. Blatantly disregarding congressional intent, the Debtors here deliberately concealed their shutdown decision from the nurses and other staff at the hospital. It chose instead to blindside them with the January 8 closure announcement, effectively preventing the employees from taking timely steps to prepare themselves for the imminent shutdown.

In their January 8 WARN notice, the Debtors make the transparently false claim they gave as much notice as "practicable" because they were trying to obtain

MOTION FOR RECONSIDERATION - 5
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800 238 4231 FAX 206 378 4132

BARNARD
IGLITZIN &
LAVITT LLP

19-01189-WLH11    Doc 876    Filed 01/10/20    Entered 01/10/20 12:32:18    Pg 5 of 14

financing for the Medical Center. Despite the pretense that they were seeking financing until they gave their notice, it is obvious that the Debtors had already made their closure decision by January 3, when they filed their secret motion. In fact (and as discovery in a WARN suit would likely show), they undoubtedly made their decision well before that. Their decision to withhold notice from WSNA and its members until January 8 not only violated federal law, giving rise to post-petition administrative claims, but also constituted bad faith and an utter lack of appreciation for the hardships that the closing will have on the workforce.

**II. The sudden closure of the Medical Center will leave the Yakima Valley with a serious gap in the provision of necessary health care.**

The unplanned closure of the Medical Center jeopardizes the health of the community that relies on the Medical Center for essential services including emergency room services and open heart surgery. The Debtors' failure to provide adequate notice does not afford adequate time to local resources to absorb the new and increased demands created by the closure of the Medical Center.

Current patients and those scheduled for critical surgeries received no notice and no time to secure alternate care. The closure of the Medical Center will also compromise emergency services. The Medical Center's Emergency Room provided services to over 35,000 patients during the 2018 calendar year. The only other hospital offering emergency services in the City of Yakima is Virginia Mason Memorial Hospital (Memorial or VMMH). The Court has no evidence to

MOTION FOR RECONSIDERATION - 6
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400 **BARNARD**
SEATTLE, WASHINGTON 98119 **IGLITZIN &**
TEL 800 238 4231 FAX 206 378 4132 **LAVITT LLP**

19-01189-WLH11    Doc 876    Filed 01/10/20    Entered 01/10/20 12:32:18    Pg 6 of 14

establish whether Memorial has sufficient staffing or physical space to accommodate a sudden, unexpected surge in emergency room patients as early as next week. The likely absence of such resources will lead to life threatening delays to patients in need of emergent care.

The Medical Center is one of two hospitals in Yakima County designated as a Level III Trauma Center.[2] The presence of a Level III Trauma Center is essential to a community as it ensures of 24-hour immediate coverage by emergency medicine physicians and the prompt availability of general surgeons and anesthesiologists. In addition, a Level III Trauma Center brings life-saving services including the presence of a surgeon in the emergency department upon patient arrival with notification from the field, a 30 minute trauma surgeon and anesthesia response time, a 30 minute radiologist interpretation time, a 30 minute critical care physician response time, a 24 hour on-call orthopedic availability and a 24 hour on-call respiratory therapy availability. The Medical Center's Trauma Center currently provides these services. The Court has not received any analysis

---

[2] The reduction of Level III trauma center coverage in Yakima County (population of 251,446) from two to one hospital will have a significant impact on the community's access to timely urgent and emergency care. In comparison, Benton County (population of 201,877) has two Level III trauma centers.

MOTION FOR RECONSIDERATION - 7
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800 238 4231 | FAX 206 378 4132  **LAVITT LLP**

of the impact to the community due to the closure of the Medical Center and its Trauma Center.

Patients requiring life-saving cardiac procedures would lose an essential resource as a result of the closure of the Medical Center. The Medical Center is the only hospital within 100 miles with an open heart surgery program.[3] In addition to the direct impact on patients in need of open heart surgery, the Percutaneous Coronary Intervention Program at Memorial currently relies on the open heart surgery capacity at the Medical Center to provide care for patients whose conditions require a level of service that Memorial is unable to meet. The closure of the Medical Center would eliminate the essential back-up relied upon by Memorial and its patients.

The Court's decision to allow the closure of the Medical Center without a hearing and without delay has deprived the Court of an opportunity to analyze the impact to the community of the loss of critical medical services.

## ARGUMENT AND AUTHORITY

**I. Relief from an order is proper for due-process denials.**

---

[3] Patients needing emergency open heart procedures would need to be transported to Kadlec Medical Center in Richland Washington, nearly 100 miles away.

MOTION FOR RECONSIDERATION - 8
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400 **BARNARD**
SEATTLE, WASHINGTON 98119 **IGLITZIN &**
TEL 890 238 4320 FAX 206 378 4132 **LAVITT LLP**

19-01189-WLH11    Doc 876    Filed 01/10/20    Entered 01/10/20 12:32:18    Pg 8 of 14

The standards of Fed. R. Civ. P. 60 apply in bankruptcy proceedings. Fed. R. Bankr. P. 9024. Rule 60 authorizes relief from a judgment or order for a number of reasons, including surprise; newly discovered evidence; an opposing party's fraud, misrepresentation, or misconduct; a void judgment; and any other reason justifying relying. Fed. R. Civ. P. 60(b)(1), (2), (3), (4), (6).

In particular, a judgment is void under Rule 60(b)(4) if the proceedings leading to its entry violated due process by "depriv[ing] a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). *See also Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631–32 (7th Cir. 2007) (default judgment void where notice not provided to affected parties).

Similarly, surprise, fraud, and misrepresentation under Rule 60 occur where the movant's conduct prevents "the losing party from fully and fairly presenting his case or defense." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (citing *Toledo Scales Co. v. Computing Scale Co.*, 261 U.S. 399, 421 (1923)). The Rule "is aimed at judgments which were unfairly obtained, not at those which are [merely] factually incorrect." *Id. See also Abrahamsen v. Trans-State Exp., Inc.*, 92 F.3d 425, 428 (6th Cir. 1996) (failure to disclose evidence can constitute "misconduct" under Rule 60(b)(3)).

**II. The Closure Order deprived WSNA of any opportunity to be heard and is thus void for want of due process.**

MOTION FOR RECONSIDERATION - 9
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 206.257.6003 FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

19-01189-WLH11    Doc 876    Filed 01/10/20    Entered 01/10/20 12:32:18    Pg 9 of 14

Due process fundamentally requires notice to interested parties of the pendency of an action and a meaningful opportunity to present objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Notice must "afford a reasonable time for those interested to make their appearance." *Id.* Process "which is a mere gesture is not due process." *Id.* at 315.

The purpose of due process is to enable affected individuals to prepare adequately for an impending hearing. *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 14 (1978).

The requirements of due process apply fully in bankruptcy proceedings. *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448–51 (9th Cir. 1985) (cash collateral order was void where notice of hearing did not afford due process). Indeed, because a Chapter 11 debtor enjoys the protections of the bankruptcy system and the significant benefits of possible debt relief, its actions should be *more* transparent and *more* subject to objections of affected creditors than would be required of a solvent company operating outside of bankruptcy.

There can be no serious question that the approximately 140 nurses represented by WSNA who work for the Medical Center have direct and significant interests in the decision to close the Center and lose their jobs.

MOTION FOR RECONSIDERATION - 10
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400 **BARNARD**
SEATTLE, WASHINGTON 98119 **IGLITZIN &**
TEL 206.238.4777 FAX 206.378.4132 **LAVITT LLP**

19-01189-WLH11    Doc 876    Filed 01/10/20    Entered 01/10/20 12:32:18    Pg 10 of 14

The Debtors' sealed motion, by design, deprived them of any meaningful opportunity to prepare for or participate in the January 8, 2020, hearing on the closure. The closure order thus deprived them of due process and is void.

Given an opportunity to present evidence, WSNA would show that the Debtors' exercise of business judgment was based on inadequate information—a defect that the Debtors themselves acknowledge would render their proposal infirm and subject to judicial intervention. Doc. 867 at 22 (citing *In re Farmland Indus., Inc.*, 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003). In particular, WSNA would show that the Medical Center provides valuable, medically necessary services that are not provided by other health care providers in the region. *Supra* at 6-8.

**III. The Debtors failed to demonstrate that closure is necessary now.**

The Debtors argue that closing the Medical Center is an appropriate exercise of their business judgment because it has been operating at a loss, requiring weekly cash infusions. Doc. 867, ¶ 4. Although the Debtors baldly state that this financial situation creates a financial drag on Astria's other hospitals, Sunnyside and Toppenish, they offer neither evidence nor argument to show that this situation is anything new or why the closure could not be delayed, at least for a brief period to allow WSNA to present its arguments and evidence at a hearing.

The Debtors do attempt two explanations for the timing of the closure, but neither has merit. First, they point to false rumors about the Medical Center's

MOTION FOR RECONSIDERATION - 11
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

19-01189-WLH11    Doc 876    Filed 01/10/20    Entered 01/10/20 12:32:18    Pg 11 of 14

staffing levels and closure plans. *Id.*, ¶¶ 7–8. Remarkably, the Debtors identify no efforts they undertook to respond to those rumors. To justify a hospital closure based on then-false rumors of a hospital closure is a peculiarly perverse form of circular logic as well as a complete abdication of managerial responsibility.

Second, they rely on the recent Washington Department of Health Ruling granting VMMH an elective PCI program. *Id.*, ¶ 9. Yet, as explained above, VMMH's new PCI program is not alone enough to ensure the Yakima Valley will not suffer a dramatic loss of access to health care upon the closure of the Medical Center.

Ultimately, the Debtors' uncontested explanations have no substance. At a minimum, this Court should require the Debtors to submit their proffered explanations to cross-examination and contrary evidence by WSNA and possibly other parties who were denied due process, so that it may decide the issue on a full and fair record.

## CONCLUSION

WSNA respectfully, but strenuously, asks this Court to reconsider its Closure Order and set a hearing, as soon as next week, so that the matter can be determined in open court where all interested parties have had a fair opportunity to be heard. The Bankruptcy Rules and U.S. Constitution require nothing less.

MOTION FOR RECONSIDERATION - 12
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

19-01189-WLH11    Doc 876    Filed 01/10/20    Entered 01/10/20 12:32:18    Pg 12 of 14

RESPECTFULLY SUBMITTED this 10th day of January, 2020.

*/s/ Darin M. Dalmat*
Darin M. Dalmat, WSBA No. 51384
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6028
(206) 378-4132
dalmat@workerlaw.com

*Attorney for WSNA*

# DECLARATION OF SERVICE

I, Esmeralda Valenzuela, declare under penalty of perjury under the laws of the State of Washington, on the date set forth below I filed the foregoing document using the Court's CM/ECF system, which will automatically provide notice to all registered parties.

DATED this 10th day of January, 2020, at Seattle, Washington.

By: _____
Esmeralda Valenzuela, Paralegal

DECLARATION OF SERVICE
Case No. 19-01189-11

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
BARNARD IGLITZIN & LAVITT LLP