# WSNA witness list

- Dr. Rachel Manick
- Dr. Mark Silverstein
- Sister Fe Villanueva Sumalde
- Julia ~~Barcott~~ Barcott
- Laurie Robinson
- Evette Runyon
- Lisa ~~Bulleck~~ Bulleck



# Community Health Needs Assessment

As a nonprofit healthcare organization, Astria Health considers it our responsibility to help improve the health of our community, the Yakima Valley and the entire Region. The Community Health Needs Assessments (CHNA) are in-depth assessments of the healthcare needs of our community. The Implementation Plan is the strategy that we have created to address those needs and improve the health of the people who live and work in the Region.

- 2018 Community Health Needs Assessment Implementation Plan
- 2018 Community Health Needs Assessment

Past Community Health Needs Assessments and Implementation Plans for Astria Sunnyside Hospital

- 2017 Community Health Needs Assessment Implementation Plan
- 2016 Community Health Needs Assessment
- 2013 Community Health Needs Assessment



# This Week in Health e-newsletter

Health news delivered weekly direct to your inbox.

SIGN UP

© 2020 Astria Health

**Terms of Use**    **Notice of Non-Discrimination**    **Site Map**    **Privacy Policy**     

19-01189-WLH11    Doc 889    Filed 01/14/20    Entered 01/14/20 18:53:19    Pg 2 of 23

1  JAMES L. DAY (WSBA #20474)
   THOMAS A. BUFORD (WSBA #52969)
2  BUSH KORNFELD LLP
   601 Union Street, Suite 5000
   Seattle, WA 98101
3  Tel: (206) 292-2110
   Email: jday@bskd.com
         tbuford@bskd.com
4
   SAMUEL R. MAIZEL (Admitted *Pro Hac*
5  *Vice*)
   DENTONS US LLP
6  601 South Figueroa Street, Suite 2500
   Los Angeles, California 90017-5704
   Tel: (213) 623-9300
7  Fax: (213) 623-9924
   Email: samuel.maizel@dentons.com
8  SAM J. ALBERTS (WSBA #22255)
   DENTONS US LLP
9  1900 K. Street, NW
   Washington, DC 20006
   Tel: (202) 496-7500
10 Fax: (202) 496-7756
   Email: sam.alberts@dentons.com

11 *Attorneys for the Chapter 11 Debtors and*
   *Debtors In Possession*

12 HONORABLE WHITMAN L. HOLT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

13

14  In re:

    ASTRIA HEALTH *et al.*,

15      Debtors. [1]

16

Chapter 11
Lead Case No. 19-01189-11
(Jointly Administered)

**DEBTORS' OBJECTION AND
RESPONSE TO WSNA'S
REQUESTS FOR THE
PRODUCTION OF DOCUMENTS**

17

---

18  [1] The Debtors, along with their case numbers, are as follows: Astria Health (19-01189-11), Glacier Canyon, LLC (19-01193-11), Kitchen and Bath Furnishings,
19  LLC (19-01194-11), Oxbow Summit, LLC (19-01195-11), SHS Holdco, LLC (19-01196-11), SHC Medical Center - Toppenish (19-01190-11), SHC Medical Center - Yakima (19-01192-11), Sunnyside Community Hospital Association (19-01191¬11), Sunnyside Community Hospital Home Medical Supply, LLC (19-01197-
20  11), Sunnyside Home Health (19-01198-11), Sunnyside Professional Services, LLC (19-01199-11), Yakima Home Care Holdings, LLC (19-01201-11), and Yakima HMA Home Health, LLC (19-01200-11).

**OBJECTION AND RESPONSE
TO WSNA'S RFP**

US_Active\114023012\V-5

1       Astria Health ("Astria") and SHC Medical Center - Yakima, both Washington

2 nonprofit corporations, doing business as Astria Regional Medical Center (the

3 "Medical Center"), along with the above-referenced affiliated debtors (collectively,

4 the "Debtors"), the debtors and debtors in possession in the above-captioned chapter

5 11 bankruptcy cases (collectively, the "Chapter 11 Cases"), hereby file this objection

6 and response (the "Response") to *WSNA's Requests for the Production of Documents*

7 (the "Requests") that were received by email on Saturday January 11, 2020

8 presumably in connection with the *Emergency Motion For Reconsideration of the*

9 *Order Authorizing Closure of Medical Center* [Docket No. 876] (the "Motion") filed

10 by the Washington State Nurses' Association ("WSNA"). In support, the Debtors

11 respectfully state as follows:

## THE GENERAL OBJECTIONS

13       Debtors object to the Requests because WSNA does not have standing to seek

14 the relief in the Motion.

15       Debtors object to the Requests because the hearing on the Motion does not

16 otherwise warrant the undue burden associated with providing requested documents.

17       Debtors object to the "Definitions" to the extent they are not supported by law

18 or fact or seek to impose undue burdens on persons and individuals.

19       Debtors object to the "Instructions" because they are not supported by law or

20 fact or seek to impose undue burdens on persons and individuals.

The Debtors object to the Requests in that they seek confidential information or information protected by work product and/or attorney-client or another recognized privilege.

The Debtors object to the Requests because they seek irrelevant information and information not likely to lead to discoverable information.

The Debtors object to the Requests to the extent they seek information already in the public record or otherwise available to WSNA.

## I. DEFINITIONS

1.     "You" refers to the Debtors (specified in footnote 1), including their agents, attorneys, employees, officers, representatives, adjusters, investigators, predecessors, successors, and any other person who is or may be in possession of, or who has obtained information on your behalf.

2.     "Motion" shall mean the Debtors' Emergency Motion to Close Medical Center, Doc. 867.

3.     "Document" or "record" shall be co-extensive in meaning with the scope of "documents, electronically stored information, and things" set forth in Fed. R. Civ. P. 34, incorporated into the Bankruptcy Rules by Fed. R. Bankr. P. 7034. By way of example, not of limitation, "document" includes text messages, emails, and all other writings in any medium, including social media.

5.     "Communication" means any exchange of information between two or more persons. It includes, without limitation, in-person meetings, telephone calls, email

**OBJECTION AND RESPONSE
TO WSNA'S RFP** -3-

1 exchanges, text messages, videoconferences, and all other methods by which persons
2 communicate.

**INSTRUCTIONS**

4  1.      Please produce all nonprivileged documents responsive to these requests to the
5  offices of Barnard Iglitzin & Lavitt LLP, 18 W. Mercer St., Suite 400, Seattle,
6  Washington 98119 c/o Darin M. Dalmat, dalmat@workerlaw.com. Please do so no
7  later than Monday, January 13, 2019, at noon Pacific Time.
8  2.      Please organize the responsive documents and label them to correspond with
9  the categories in the requests.
10 3.      Please produce all documents as Bates-stamped PDFs.

11

12 **REQUESTS FOR PRODUCTION OF DOCUMENTS**

13 **REQUEST FOR PRODUCTION NO. 1**: Please produce all documents reflecting
14 your decision to close the Medical Center. By way of illustration but not of limitation,
15 this request seeks all meeting minutes, corporate resolutions, internal emails or text
16 messages reflecting that decision.

17 **RESPONSE**:  The Debtors object to this Request because it seeks information that
18 is irrelevant and is not likely to lead to discoverable information, is unduly
19 burdensome, seeks information that is confidential, work product and/or is subject to
20 attorney-client or another recognized privilege.  Support for the Debtors' exercise of
its business judgement to close the Medical Center has already been provided to the

**OBJECTION AND RESPONSE
TO WSNA'S RFP**                     -4-

Court and is matter of public record and, this is otherwise available to WSNA. Notwithstanding these objections, attached is a copy of the Board of Directors resolutions authorizing closure of the Medical Center.

**REQUEST FOR PRODUCTION NO. 2:** Please produce correspondence by potential exit financing lenders, referenced in your Motion, ¶ 6, discussing the effect of the Medical Center on the availability of financing.

**RESPONSE:** The Debtors object to this Request because it seeks information that is irrelevant and is not likely to lead to discoverable information, is unduly burdensome, seeks information that is confidential, work product and/or is subject to attorney-client or another recognized privilege. Support for the Debtors' exercise of its business judgement to close the Medical Center has already been provided to the Court and is matter of public record and, thus is otherwise available to WSNA. Notwithstanding this objection, if WSNA were to enter into a written confidentiality agreement in a form acceptable to the Debtors that includes the redaction of the names and identifying information of any and all potential bidders, that prohibits the disclosure of such information publicly, as well as the existence or number of expressions of interest and the description of assets sought to be bid upon, the Debtors will provide WSNA with copies of written expressions of interests with names and identifying information as so redacted.

1 **REQUEST FOR PRODUCTION NO. 3:** Please produce all documents reflecting

2 the Debtors' consideration and/or analysis of whether reduced operations at the

3 Medical Center would allow it to continue operations, referenced in your Motion, ¶

4 10.

5 **RESPONSE:** The Debtors object to this Request because it seeks information that is

6 irrelevant and is not likely to lead to discoverable information, is unduly burdensome,

7 seeks information that is confidential, work product and/or is subject to attorney-

8 client or another recognized privilege. Support for the Debtors' exercise of its

9 business judgement to close the Medical Center has already been provided to or

10 otherwise filed with the Court (including monthly operating reports) and is matter of

11 public record and, thus is otherwise available to WSNA.

12

13 **REQUEST FOR PRODUCTION NO. 4:** Please produce all documents presented

14 to the Board of Directors in relation to the decision to close the Medical Center,

15 referenced in your Motion, ¶ 10.

16 **RESPONSE:** The Debtors object to this Request because it seeks information that is

17 irrelevant and is not likely to lead to discoverable information, is unduly burdensome,

18 seeks information that is confidential, work product and/or is subject to attorney-

19 client or another recognized privilege. Support for the Debtors' exercise of its

20 business judgement to close the Medical Center has already been provided to or

otherwise filed with the Court (including monthly operating reports) and is matter of

**OBJECTION AND RESPONSE**
**TO WSNA'S RFP**     -6-

US_Active\114023012\V-5

1  public record and, thus is otherwise available to WSNA.

2  **REQUEST FOR PRODUCTION NO. 5:** Please produce all documents reflecting

3  or relating to your consideration of the impact of the Medical Center closure on the

4  provision of adequate health care to residents of the Yakima Valley region.

5  **RESPONSE:** The Debtors object to this Request because it seeks information that is

6  irrelevant and is not likely to lead to discoverable information, is unduly burdensome,

7  seeks information that is confidential, work product and/or is subject to attorney-

8  client or another recognized privilege.  Support for the Debtors' exercise of its

9  business judgement to close the Medical Center has already been provided to or

10  otherwise filed with the Court (including monthly operating reports) and is matter of

11  public record and, thus is otherwise available to WSNA.  Notwithstanding the

12  objection, there are no specific documents responsive to the Request.

13

14  **REQUEST FOR PRODUCTION NO. 6:** Please produce all correspondence

15  between you and any governmental authority regarding the impact of the closure of

16  the Medical Center on the availability of health care services in the Yakima Valley

17  region.

18  **RESPONSE:** The Debtors object to this Request because it seeks information that is

19  irrelevant and is not likely to lead to discoverable information, is unduly burdensome,

20  seeks information that is confidential, work product and/or is subject to attorney-

client or another recognized privilege.  Support for the Debtors' exercise of its

**OBJECTION AND RESPONSE**
**TO WSNA'S RFP**              -7-
US_Active\114023012\V-5

business judgement to close the Medical Center has already been provided to the Court and is matter of public record and thus, is otherwise available to WSNA. To the extent that WSNA seeks information concerning a governmental authority that is otherwise in the public record, it may seek to obtain that information directly from that governmental entity. Notwithstanding these objections, there are no specific documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 7**: Please produce documents sufficient to identify the census at the Medical Center as of noon, January 13, 2020.

**RESPONSE**: The Debtors object to this Request because it seeks information that is irrelevant and is not likely to lead to discoverable information, is unduly burdensome, seeks information that is confidential, work product and/or is subject to attorney-client or another recognized privilege. Support for the Debtors' exercise of its business judgement to close the Medical Center has already been provided to the Court and is matter of public record and, thus is otherwise available to WSNA. Notwithstanding this objection, the census at the Medical Center is disclosed in the *Debtors' Response to WSNA's Emergency Motion for Reconsideration of the Order Authorizing Closure of Medical Center; Declaration of Michael Lane in Support Thereof* [Docket No. 886] and will be updated at the hearing on January 14, 2020.

SUBMITTED BY:                    JANUARY 13, 2020

 */s/ Sam J.*
*Alberts*
SAMUEL R. MAIZEL (Admitted *Pro
Hac Vice*)
SAM J. ALBERTS (WSBA #22255)
SARAH M. SCHRAG (*Admitted Pro
Hac Vice*)
DENTONS US LLP

*Attorneys for the Chapter 11 Debtors
and Debtors In Possession*

**OBJECTION AND RESPONSE
TO WSNA'S RFP**                  -9-

# UNANIMOUS WRITTEN CONSENT OF THE BOARD OF TRUSTEES
## OF
## ASTRIA HEALTH

### December 3, 2019

The board of trustees (the "Board") of Astria Health (the "Company"), hereby adopts the following resolutions by unanimous written consent:

WHEREAS, the Board has considered the financial aspects of the Company's continued operation of SHC Medical Center - Yakima doing business as Astria Regional Medical Center (the "Medical Center"), including continued monthly financial losses, and operational aspects of the Medical Center, including the impact of nursing shortages, and the Company's business, and the recommendations of the Company's professionals and advisors:

WHEREAS, on or about July 2, 2019, the Company retained Piper Jaffray as an investment banker to assist the Company and the Medical Center in obtaining financing sufficient to allow the Company, including the Medical Center, to confirm a plan of reorganization and exit its current chapter 11 bankruptcy case, or, if necessary, finding a buyer to acquire the Company and or the Medical Center as going concerns;

WHEREAS, Piper Jaffray has recently obtained expressions of interest from potential lenders, none of which included financing for the Medical Center, and, while expressions of interest in acquiring the Medical Center are not yet due, Piper Jaffray has concluded that it is very unlikely that any entity will want to acquire the Medical Center as a going concern:

WHEREAS, the Board has reviewed the historical performance of the Medical Center, the Company's ability to obtain financing to support its continued operations of the Medical Center, the market for the Medical Center's assets and services, and the current and long-term liabilities of the Company and the Medical Center; and

WHEREAS, the Board has reviewed, considered, and received the recommendations of the senior management of the Company, including the recommendation of John M. Gallagher, the President and Chief Executive Officer of the Company that (i) the Company has sought financing to subsidize continued losses of the Medical Center and is unable to obtain such financing; (ii) there is unlikely to be a market for the Medical Center as a going concern; (iii) the Company cannot continue to subsidize the continuing losses of the Medical Center; (iv) the Board of Trustees of the Medical Center has approved resolutions substantially in the same form and content as set forth herein recommending to the Company that the Medical Center be authorized but not required to cease operations; and (v) the Company's stakeholders support this resolution.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is necessary, advisable and in the best interests of this Company, having considered the charitable mission of the Company, as well as the interests of patients, staff, creditors and

1

113755277\V-1

other interested parties, that the officers of the Company, including John M. Gallagher, are authorized to, if necessary, but not required to, cease operations of the Medical Center;

BE IT FURTHER RESOLVED, that John M. Gallagher, in his discretion, are hereby authorized and directed on behalf of and in the name of the Company, but not required to, to execute and file and to cause counsel for the Company to prepare with assistance of the Company as appropriate all motions and other papers, documents and pleadings in connection with the Medical Center's ceasing of operations, and to take any and all action that he deems necessary and proper in connection with the Medical Center's cessation of operations;

BE IT FURTHER RESOLVED, that the Company is authorized to, but not required to, cease operations of the Medical Center, subject to Bankruptcy Court approval;

BE IT FURTHER RESOLVED, that the Company in general and John M. Gallagher in particular, are hereby authorized and empowered, but not required, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as they, in each of their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of management and members of the Board of the Company, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved, and ratified.

[remainder of page intentionally left blank]

113755277\V-1

**ASTRIA-0002**

## CERTIFICATE

The undersigned Board of Trustees of the Company, hereby certify as follows:

1.    We are the duly qualified and elected Board Trustees and, as such, are familiar with the facts herein certified and are duly authorized to certify same on behalf of the Company.

2.    The foregoing is a true, complete and correct copy of the resolutions of the Board of Trustees of the Company.

3.    Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned have executed this certificate as of the 3rd day of December 2019. This action by unanimous written consent shall be filed with the minutes of the proceedings of the Board of Trustees of the Company and shall have the same force and effect as a unanimous vote of the Trustees. The action of the Board may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument.

_____
Mary Ann Bliesner, Chair

_____
John Gallagher, President & CEO, Trustee

_____
Derek Kieta, M.D., Trustee

_____
Ryan Maxwell, Trustee

_____
Tom Strohm, Trustee

3

## CERTIFICATE

The undersigned Board of Trustees of the Company, hereby certify as follows:

1. We are the duly qualified and elected Board Trustees and, as such, are familiar with the facts herein certified and are duly authorized to certify same on behalf of the Company.

2. The foregoing is a true, complete and correct copy of the resolutions of the Board of Trustees of the Company.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned have executed this certificate as of the 3rd day of December 2019. This action by unanimous written consent shall be filed with the minutes of the proceedings of the Board of Trustees of the Company and shall have the same force and effect as a unanimous vote of the Trustees. The action of the Board may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument.

_____
Mary Ann Bliesner, Chair

_____
John Gallagher, President & CEO, Trustee

_____
Derek Kletu, M.D., Trustee

_____
Ryan Maxwell, Trustee

_____
Tom Strohm, Trustee

ASTRIA-0004

## CERTIFICATE

The undersigned Board of Trustees of the Company, hereby certify as follows:

1.      We are the duly qualified and elected Board Trustees and, as such, are familiar with the facts herein certified and are duly authorized to certify same on behalf of the Company.

2.      The foregoing is a true, complete and correct copy of the resolutions of the Board of Trustees of the Company.

3.      Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned have executed this certificate as of the 3rd day of December 2019. This action by unanimous written consent shall be filed with the minutes of the proceedings of the Board of Trustees of the Company and shall have the same force and effect as a unanimous vote of the Trustees. The action of the Board may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument.

_____
Mary Ann Bliesner, Chair

_____
John Gallagher, President & CEO, Trustee

_____
Derek Kieta, M.D., Trustee

_____
Ryan Maxwell, Trustee

_____
Tom Strohm, Trustee

3

113755277\V-1

# UNANIMOUS WRITTEN CONSENT OF THE BOARD OF TRUSTEES
## OF
## SHC MEDICAL CENTER - YAKIMA DBA ASTRIA REGIONAL MEDICAL CENTER

### December 3, 2019

The board of trustees (the "Board") of SHC Medical Center - Yakima doing business as Astria Regional Medical Center (the "Company"), hereby adopts the following resolutions by unanimous written consent:

WHEREAS, the Board has considered the financial aspects of the Company, including continued monthly financial losses, and operational aspects of the Company, including the impact of nursing shortages, and the Company's business, and the recommendations of the Company's professionals and advisors;

WHEREAS, more than sixty (60) days ago the Company retained Piper Jaffray as an investment banker to assist the Company in obtaining exit financing, or, if necessary, finding a buyer to acquire the Company as a going concern;

WHEREAS, Piper Jaffray has recently obtained expressions of interest from potential lenders, none of which included financing for the Company, and, while expressions of interest in acquiring the Company are not yet due, Piper Jaffray has concluded that it is very unlikely that any entity will want to acquire the Company as a going concern;

WHEREAS, the Board has reviewed the historical performance of the Company, the Company's ability to obtain financing to support its continued operations of the Company, the market for the Company's assets and services, and the current and long-term liabilities of the Company; and

WHEREAS, the Board has reviewed, considered, and received the recommendations of the senior management of the Company, including the recommendation of John M. Gallagher, the President and Chief Executive Officer of the Company's parent, Astria Health, that (i) the Company has sought financing to subsidize continued losses of the Company and is unable to obtain such financing; (ii) there is unlikely to be a market for the Company as a going concern; (iii) Astria Health cannot continue to subsidize the continuing losses of the Company; and (iv) the Company's stakeholders support this resolution.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is necessary, advisable and in the best interests of this Company, having considered the charitable mission of the Company, as well as the interests of patients, staff, creditors and other interested parties, that the officers of the Company, including John M. Gallagher, are authorized to, if necessary, but not required to, cease operations of the Company;

BE IT FURTHER RESOLVED, that John M. Gallagher, in his discretion, are hereby authorized and directed on behalf of and in the name of the Company, but not required to, to execute and file and to cause counsel for the Company to prepare with

1

113743466\V-2

assistance of the Company as appropriate all motions and other papers, documents and pleadings in connection with the Company's ceasing of operations, and to take any and all action that he deems necessary and proper in connection with the Company's cessation of operations;

BE IT FURTHER RESOLVED, that the Company is authorized to, but not required to, cease operations, subject to Bankruptcy Court approval;

BE IT FURTHER RESOLVED, that the Company in general and John M. Gallagher in particular, are hereby authorized and empowered, but not required, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as they, in each of their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of management and members of the Board of the Company, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved, and ratified.

[remainder of page intentionally left blank]

113743466\V-2

ASTRIA-0007

## CERTIFICATE

The undersigned Board of Trustees of the Company, hereby certify as follows:

1.    We are the duly qualified and elected Board Trustees and, as such, are familiar with the facts herein certified and are duly authorized to certify same on behalf of the Company.

2.    The foregoing is a true, complete and correct copy of the resolutions of the Board of Trustees of the Company.

3.    Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned have executed this certificate as of the 3rd day of December 2019. This action by unanimous written consent shall be filed with the minutes of the proceedings of the Board of Trustees of the Company and shall have the same force and effect as a unanimous vote of the Trustees. The action of the Board may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument.

_____
Maureen Adkison, Chair

_____
John Gallagher, President & CEO, Trustee

_____
Mark Silverstein, M.D., Chief of Staff, Trustee

_____
James Abbenhaus, M.D., Trustee

_____
John Adkison, M.D., Trustee

_____
Richard Edgerly, M.D., Trustee

_____
Noel Moxley, Trustee

_____
Darlene Picatti, Trustee

3

113743466\V-2

ASTRIA-0008

## CERTIFICATE

The undersigned Board of Trustees of the Company, hereby certify as follows:

1.      We are the duly qualified and elected Board Trustees and, as such, are familiar with the facts herein certified and are duly authorized to certify same on behalf of the Company.

2.      The foregoing is a true, complete and correct copy of the resolutions of the Board of Trustees of the Company.

3.      Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned have executed this certificate as of the 3 rd day of December 2019. This action by unanimous written consent shall be filed with the minutes of the proceedings of the Board of Trustees of the Company and shall have the same force and effect as a unanimous vote of the Trustees. The action of the Board may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument.

_____
Maureen Adkison, Chair

_____
John Gallagher, President & CEO, Trustee

_____
Mark Silverstein, M.D., Chief of Staff, Trustee

_____
James Abbenhaus, M.D., Trustee

_____
John Adkison, M.D., Trustee

_____
Richard Edgerly, M.D., Trustee

_____
Noel Moxley, Trustee

_____
Darlene Picatti, Trustee

3

11374346\V-2

**ASTRIA-0009**

## CERTIFICATE

The undersigned Board of Trustees of the Company, hereby certify as follows:

1.        We are the duly qualified and elected Board Trustees and, as such, are familiar with the facts herein certified and are duly authorized to certify same on behalf of the Company.

2.        The foregoing is a true, complete and correct copy of the resolutions of the Board of Trustees of the Company.

3.        Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned have executed this certificate as of the 3rd th day of December 2019. This action by unanimous written consent shall be filed with the minutes of the proceedings of the Board of Trustees of the Company and shall have the same force and effect as a unanimous vote of the Trustees. The action of the Board may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument.

_____
Maureen Adkison, Chair

_____
John Gallagher, President & CEO, Trustee

_____
Mark Silverstein, M.D., Chief of Staff, Trustee

_____
James Abbenhaus, M.D., Trustee

_____
John Adkison, M.D., Trustee

_____
Richard Edgerly, M.D., Trustee

_____
Noel Moxley, Trustee

_____
Darlene Picatti, Trustee

3

113743466\V-2

**ASTRIA-0010**

## CERTIFICATE

The undersigned Board of Trustees of the Company, hereby certify as follows:

1. We are the duly qualified and elected Board Trustees and, as such, are familiar with the facts herein certified and are duly authorized to certify same on behalf of the Company.

2. The foregoing is a true, complete and correct copy of the resolutions of the Board of Trustees of the Company.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned have executed this certificate as of the 3rd day of December 2019. This action by unanimous written consent shall be filed with the minutes of the proceedings of the Board of Trustees of the Company and shall have the same force and effect as a unanimous vote of the Trustees. The action of the Board may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument.

_____
Maureen Adkison, Chair

_____
John Gallagher, President & CEO, Trustee

_____
Mark Silverstein, M.D., Chief of Staff, Trustee

_____
James Abbenhaus, M.D., Trustee

_____
John Adkison, M.D., Trustee

_____
Richard Edgerly, M.D., Trustee          *BMUO*

_____
Noel Moxley, Trustee

_____
Darlene Picatti, Trustee

3

113743466\V-2

ASTRIA-0011

## CERTIFICATE

The undersigned Board of Trustees of the Company, hereby certify as follows:

1.     We are the duly qualified and elected Board Trustees and, as such, are familiar with the facts herein certified and are duly authorized to certify same on behalf of the Company.

2.     The foregoing is a true, complete and correct copy of the resolutions of the Board of Trustees of the Company.

3.     Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned have executed this certificate as of the 3rd day of December 2019. This action by unanimous written consent shall be filed with the minutes of the proceedings of the Board of Trustees of the Company and shall have the same force and effect as a unanimous vote of the Trustees. The action of the Board may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument.

_____
Maureen Adkison, Chair

_____
John Gallagher, President & CEO, Trustee

_____
Mark Silverstein, M.D., Chief of Staff, Trustee

_____
James Abbenhaus, M.D., Trustee

_____
John Adkison, M.D., Trustee

_____
Richard Edgerly, M.D., Trustee

_____
Noel Moxley, Trustee

_____
Darlene Picatti, Trustee

3

113743466\V-2

ASTRIA-0012