JAMES L. DAY (WSBA #20474)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel: (206) 521-3858
Email: jday@bskd.com

SAMUEL R. MAIZEL (Admitted *Pro Hac Vice*)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300
Email: samuel.maizel@dentons.com

SAM J. ALBERTS (WSBA #22255)
DENTONS US LLP
1900 K. Street, NW
Washington, DC 20006
Tel: (202) 496-7500
Email: sam.alberts@dentons.com

*Attorneys for the Chapter 11 Debtors and Debtors In Possession*

HONORABLE WHITMAN L. HOLT

HEARING:
 Date/Time: October 21, 2020/11:00 am (Pacific)
 Location: Telephonic

**Telephone Conference: (877) 402-9757**
**Access Code: 7036041**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

In re:

ASTRIA HEALTH, *et al*.,

    Debtors and Debtors in Possession.[1]

Chapter 11
Lead Case No. 19-01189-11
Jointly Administered

**NOTICE OF EXPEDITED MOTION AND DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY; DECLARATIONS OF MICHAEL LANE AND TRAVIS IVES IN SUPPORT**

**(ASTRIA MEDICAL OFFICE PLAZA AND ARMC)**

---

[1] The Debtors, along with their case numbers, are as follows: Astria Health (19-01189-11), Glacier Canyon, LLC (19-01193-11), Kitchen and Bath Furnishings, LLC (19-01194-11), Oxbow Summit, LLC (19-01195-11), SHC Holdco, LLC (19-01196-11), SHC Medical Center - Toppenish (19-01190-11), SHC Medical Center - Yakima (19-01192-11), Sunnyside Community Hospital Association (19-01191-11), Sunnyside Community Hospital Home Medical Supply, LLC (19-01197-11), Sunnyside Home Health (19-01198-11), Sunnyside Professional Services, LLC (19-01199-11), Yakima Home Care Holdings, LLC (19-01201-11), and Yakima HMA Home Health, LLC (19-01200-11).

1

PLEASE TAKE NOTICE that the above-captioned debtors and debtors-in possession (collectively, the "Debtors") in the above-captioned Chapter 11 bankruptcy cases (the "Cases") hereby move (the "Motion") for the entry of an order approving a private sale under that certain Commercial Property Purchase and Sale Agreement (the "Agreement") concerning real property located in the City of Yakima, County of Yakima, Washington, commonly known as the Astria Medical Office Plaza and associated offsite parking located at each of 1005 W Walnut St., 111 S. 11th Ave., 8-16 S. 10th Ave. and 7-15 S. 11th Ave. (the "MOB") and Astria Regional Medical Center and associated offsite parking located at each of 12-14 S 9th Ave., 110 S 9th Ave., 8-16 S 10th Ave. and 905 W Chestnut ("ARMC," together with the MOB, the "Property") by and between Yakima MOBIC, LLC (the "Buyer") on the one hand, and Debtors Yakima HMA Home Health, LLC and SHC Medical Center – Yakima (the "Sellers") on the other hand in exchange for twenty million dollars (USD) ($20,000,000.00) (the "Purchase Price") payable in full in all cash with no financing contingency at closing. This Agreement is the result of marketing by an experienced real estate agent with knowledge of the real estate market. Both he and the Debtors have concluded that a private sale is appropriate because an auction is not likely to increase the price paid for the Property. The Agreement is attached to the annexed Motion as **Exhibit 1.**

PLEASE TAKE FURTHER NOTICE that the Debtors file this Motion,

**NOTICE OF DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**

US_Active\115587738\V-3

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1 pursuant to 11 U.S.C. §§ 105 and 363 and Rule 6004 of the Federal Rules of
2 Bankruptcy Procedure.

3     **PLEASE TAKE FURTHER NOTICE** that the Motion is based on this
4 Notice of Motion and Motion, the *Declaration of John M. Gallagher in Support of*
5 *Emergency First-Day Motions* [Docket No. 21] (the "First-Day Declaration"), the
6 attached Declaration of Michael Lane in support of the Motion (the "Lane
7 Declaration") and the attached Declaration of Travis Ives in support of the Motion
8 (the "Ives Declaration").

9     **PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 2002-
10 1(a)(1)(C), your failure to file a written objection or otherwise participate in the
11 haring on the Motion may result in the Court granting the relief requested herein.

12     **PLEASE TAKE FURTHER NOTICE** that a telephonic hearing will occur
13 at **11:00 am (prevailing Pacific Time), on October 21, 2020**, at the United States
14 Bankruptcy Court, before the Honorable Whitman L. Holt without further notice to
15 you. The telephonic conference call-in number is: **1-877-402-9757; Conference**
16 **Code: 7036041.**

17
18
19
20
21 **NOTICE OF DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

US_Active\115587738\V-3

Dated:  October 7, 2020

/s/ Sam R. Maizel
JAMES L. DAY (WSBA #20474)
BUSH KORNFELD LLP

SAMUEL R. MAIZEL (Admitted *Pro Hac Vice*)
SAM J. ALBERTS (WSBA #22255)
DENTONS US LLP

*Attorneys for the Chapter 11 Debtors and Debtors In Possession*

**NOTICE OF DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**INTRODUCTION**

Astria Health and the above-referenced affiliated debtors (collectively, the "Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Chapter 11 Cases"), by and through their undersigned counsel, hereby submit this Motion (the "Motion") for the entry of an order approving that certain Commercial Property Purchase and Sale Agreement (the "Agreement") concerning that real property located in the City of Yakima, County of Yakima, Washington, commonly known as the Astria Medical Office Plaza and associated offsite parking located at each of 1005 W Walnut St., 111 S. 11th Ave., 8-16 S. 10th Ave. and 7-15 S. 11th Ave. (the "MOB") and Astria Regional Medical Center and associated offsite parking located at each of 12-14 S 9th Ave., 110 S 9th Ave., 8-16 S 10th Ave. and 905 W Chestnut ("ARMC," together with the MOB, the "Property") by and between Yakima MOBIC, LLC (the "Buyer") on the one hand, and Debtors Yakima HMA Home Health, LLC and SHC Medical Center – Yakima (the "Sellers") on the other hand in exchange for twenty million dollars (USD) ($20,000,000.00) payable in full in all cash with no financing contingency at closing. The Agreement is attached to the annexed Motion as **Exhibit 1.** The Motion is based on the below facts and arguments, the accompanying Notice of Motion, the *Declaration of John M. Gallagher in Support of Emergency First-Day Motions* [Docket No. 21] (the "First-Day Declaration"), the attached Declaration of Michael

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

1

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Lane in support of the Motion (the "Lane Declaration") and the attached Declaration of Travis Ives in support of the Motion (the "Ives Declaration").

The Agreement and its terms have been shared with the Debtors' principal secured party, Lapis Advisers, L.P. and UMB Bank, as well as the Official Committee of Unsecured Creditors (the "Committee"), neither of which oppose the requested relief.

## JURISDICTION AND VENUE

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.[2] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are U.S.C. §§ 105 and 363 and Bankruptcy Rule 6004 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

1.      The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on May 6, 2019 (the "Petition Date"), thereby commencing the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered before this

---

[2] Unless specified otherwise, all chapter, "§" and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure.

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

2

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Court [Docket No. 10].  Since the Petition Date the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

2.      The United States Trustee appointed the Committee on May 24, 2019 [Docket No. 135].  No trustee or examiner has been appointed.

3.      As of the Petition Date, Debtor Astria Health, a Washington nonprofit corporation, was the direct or indirect corporate member of entities that made it the largest non-profit healthcare system based in Eastern Washington.  The Astria system is headquartered in the heart of Yakima Valley, Washington, with facilities in Yakima, Sunnyside, and Toppenish, Washington.

4.      At the Petition Date, the Astria system included three hospitals: ARMC, a 214-bed hospital in Yakima, Washington; Sunnyside Community Hospital Association doing business as Astria Sunnyside Hospital, a 38-bed critical access hospital in Sunnyside, Washington ("Sunnyside"); and SHC Medical Center – Toppenish doing business as Astria Toppenish Hospital, a 63-bed hospital in Toppenish, Washington ("Toppenish," and referred to collectively with ARMC and Sunnyside as the "Hospitals").

5.      In January 2020, the Debtors sought and obtained Bankruptcy Court permission to close ARMC [Docket Nos. 867; 874].  The Debtors then marketed ARMC's real estate assets, including the MOB and ARMC, for sale.  Lane Decl. ¶ 7.

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

3

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 1891    Filed 10/07/20    Entered 10/07/20 16:30:22    Pg 7 of 34

6. In accordance with these efforts, Cushman & Wakefield U.S., Inc. ("Cushman & Wakefield"), acting as broker for the Debtors,[3] as set forth in the Cushman & Wakefield Retention Order, entered into a listing agreement with the Debtors and began marketing the Property for sale. Ives Decl. ¶ 4. Cushman & Wakefield initially targeted healthcare users, including general acute care hospitals, behavioral health operators, medical practice groups as well as larger traditional office users in the Yakima region as potential buyers. *Id.* In parallel to that effort, Cushman & Wakefield also marketed the Property to a database of national healthcare real estate investors and developers. *Id.* The Property was advertised on all major commercial listing sites including CoStar, LoopNet and Crexi as well as locally by being input into the Yakima Multiple Listing Service. *Id.*

7. Cushman & Wakefield fielded dozens of inquiries on ARMC and the MOB and solicited two written offers. Ives Decl. ¶ 5. The offer from the Buyer for $20,000,000.00 (the "Purchase Price") was selected as the highest and best offer after multiple efforts to negotiate with both parties that submitted offers. *Id.* The Buyer is comprised of a partnership of local, private investors familiar with the asset and the

---

[3] This Court approved the Retention of Cushman & Wakefield *nunc pro tunc* to March 1, 2020, on April 30, 2020. [Docket No. 1244] (the "Cushman & Wakefield Retention Order").

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

4

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

market. *Id.* The Buyer has indicated it intends to close the transaction in cash without debt financing and have shown evidence of the required liquid assets to close. *Id.* Therefore, given that the Buyer's offer was the highest offer received, Cushman & Wakefield recommended to the Debtors that the Buyer's offer be accepted subject to court approval. *Id.*

8.     The Buyer is prepared to purchase the Property by way of a private sale, which will generate funds for the estates.

9.     The terms of the Agreement result from good faith negotiations between the Buyer, the Debtors and professional advisors.[4] The Debtors believe that such terms are fair and reasonable and, therefore, are in the best interests of creditors. Lane Decl. ¶ 9. The Debtors further aver, in their reasonable business judgment, that the marketing process was sufficiently robust and the value received is sufficient to justify a private sale and not to not warrant the expenditure of further limited Debtor resources to warrant an auction. Lane Decl. ¶ 9.

---

[4] Such terms are provided more fully in the Agreement, attached hereto as Exhibit 1. In the event of any conflict of this Motion and the Agreement, the Agreement shall control.

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    10.    Under the proposed terms of sale, the net proceeds will be remitted at

2    the closing of the transaction to UMB Bank, as indenture trustee, for application

3    dollar for dollar against secured bond obligations of the Debtors in these proceedings.

4                                              **ARGUMENT**

5    A.    **This Court Has the Authority and Should Grant the Relief Requested**

6          **Pursuant to §§ 363(b)(1) and 105(a)**

7          The Bankruptcy Code permits the Debtors to sell the Property subject to

8    Bankruptcy Court approval.  "The trustee, after notice and a hearing, may use, sell,

9    or lease, other than in the ordinary course of business, property of the estate."  11

10   U.S.C. § 363.

11         Although sales may be conducted through an auction, it is not required.

12   Rather, "[a]ll sales not in the ordinary course of business may be ***by private sale*** or

13   by public auction."  FED. R. BANKR. P. 6004(f)(1) (emphasis added); *see also Krebs*

14   *Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 498 (3d Cir. 1998);

15   *Suter v. Goedert,* 396 B.R. 535, 549 (D. Nev. 2008); *In re Trans World Airlines, Inc.*,

16   No. 01-00056 (PJW), 2001 WL 1820326, at *4  (Bankr. D. Del. Apr. 2, 2001) ("[I]t

17   is worth noting that a § 363(b) sale transaction does not require an auction procedure.

18   The auction procedure has developed over the years as an effective means for

19   producing an arm's length fair value transaction.").  As set forth in *In re Nepsco, Inc.*,

20   36 B.R. 25, 26-27 (Bankr. D. Me. 1983):

21   **DEBTORS' MOTION FOR AN ORDER**
     **APPROVING PRIVATE SALE OF**
     **PROPERTY**                                    6
     115587738\V-1
     US_Active\115587738\V-2

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

[C]urrent Bankruptcy Rule [6004(f)(1)] provides that *all* sales not in the ordinary course of business may be private or by public auction. If the sale is private, all creditors receive notice of the terms and conditions of the sale and the time fixed for filing objections. [] If no objections are filed, the trustee may proceed with the sale without either a hearing or a court order. [] Clearly, the thrust of this statutory scheme is to provide maximum flexibility to the trustee, subject to the oversight of those for whose benefit he acts, *i.e.*, the creditors of the estate. This scheme also promotes Congress' intent of keeping bankruptcy judges out of the administrative aspect of bankruptcy cases . . . .

As a general proposition, "[t]he proper standard for determining in the first instance if a proposed sale should be ordered is whether such sale is in the best interest of the estate." *In re Planned Sys.*, 82 B.R. 919, 923 n.2 (Bankr. S.D. Ohio 1988).

In reviewing the proposed sale, the Court should apply a "business judgment" standard whereby the Debtors are required to show "there is a sound business purpose for conducting the sale prior to confirmation of a plan." *In re Del. & Hudson Ry. Co.,* 124 B.R. 169, 175-76 (D. Del. 1991); *see, also, In re MF Global, Inc.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015) ("A trustee generally satisfies the business judgment standard if he 'acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'") (quoting *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992)); *In re Abbots Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986). "Once a court is satisfied that there

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

7

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1  is a sound business reason or an emergency justifying the pre-confirmation sale, the
2  court must also determine that the trustee has provided the interested parties with
3  adequate and reasonable notice, that the sale price is fair and reasonable and that the
4  purchaser is proceeding in good faith." *Id*.

5     Indeed, when evaluating this transaction the Court should look to whether "(1)
6  a sound business purpose exists for the sale; (2) the sale is in the best interest of the
7  estate, i.e. the sale price is fair and reasonable; (3) notice to creditors was proper; and
8  (4) the sale is made in good faith." *Slates v. Reger (In re Slates),* B.A.P. No. EC–
9  12–1168–KiDJu, 2012 WL 5359489, at *11 (B.A.P. 9th Cir. Oct. 31, 2012) (citing
10 *In re Wild Horse Enters., Inc.,* 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991)).

11    The bankruptcy court in *In re Del. & Hudson Ry. Co.*, 124 B.R. 169 (D. Del.
12 1991), addressed whether a proposed sale of the assets of a railroad was in the sound
13 business judgment of the debtor. The court also noted the following factors weighing
14 in favor of finding that the assets had been sold for a fair and reasonable purchase
15 price: "the extensive solicitation of bids by the Trustee; the negotiations with several
16 prospective purchasers; and the Trustee's testimony that the [buyer's] offer was the
17 best offer for [the debtor's] assets." *Id.* at 179; *see also, In re Distrib. Energy Sys.*
18 *Corp.*, No. 08-11101 (KG), 2008 WL 8153631, at *1 (Bankr. D. Del. Aug. 20, 2008)
19 (finding without elaboration that a private sale of debtors' assets was "in the best
20 interests of the Debtors, their estates and creditors and all other parties in interest").

21

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

8

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

In *In re MF Global, Inc.*, 535 B.R. 596 (Bankr. S.D.N.Y. 2015), the bankruptcy court approved a private sale of assets under the business judgment standard where only a single purchaser expressed interest in purchasing the assets and it was familiar with the rights which it would be assigned. *Id.* at 606. The trustee also demonstrated, among other things, that the interested parties received adequate and reasonable notice and both parties to the sale proceeded in good faith. Consequently, the court found that the trustee and debtor had presented "uncontroverted evidence" that the private sale "reflects the appropriate exercise of their sound business judgment" where the agreement was negotiated extensively, no party objected to the proposed sale, and there was no dispute about the adequacy of the consideration.

Under the foregoing factors, the Debtors have satisfied the "sound business judgment" standard in determining that the Agreement is in the best interests of the Debtors, their estates, and stakeholders. The execution of the Agreement will generate much needed funds for the estates. The terms of the Agreement result from good faith negotiations and, in the Debtors' business judgment, are the best terms reasonably available. Furthermore, parties with a potential interest in the MOB or ARMC will receive notice of the proposed transaction and have an opportunity to submit a higher and better offer.

Proceeding under a private sale is particularly warranted here. Critically, execution of the Agreement will allow the Debtors to conserve crucial funds by

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

9

1    avoiding the costs of financing an auction regarding the Property.

2    **B.**    **This Court Has Authority to Approve the Sale Free and Clear of Liens,**

3        **Claims, Encumbrances and Interests Pursuant to § 363(f).**

4        Pursuant to § 363(f), a debtor's assets may be sold free and clear of any and

5    all liens, claims, interests and other encumbrances if any one of the following

6    conditions are satisfied: (1) applicable nonbankruptcy law permits sale of such

7    property free and clear of such interest; (2) such entity consents; (3) such interest is

8    a lien and the price at which such property is to be sold is greater than the aggregate

9    value of all liens on such property; (4) such interest is in bona fide dispute; or (5)

10   such entity could be compelled, in a legal or equitable proceeding, to accept a money

11   satisfaction of such interest. 11 U.S.C. § 363(f).

12       In this instance, the Property should be sold free and clear of all Interests

13   pursuant to §§ 363(f)(1), (f)(2) or (f)(5).  Under the proposed terms of sale, the net

14   proceeds will be remitted at the closing of the transaction to UMB Bank, as indenture

15   trustee, for application dollar for dollar against secured bond obligations of the

16   Debtors in these proceedings, and UMB Bank will therefore receive these proceeds

17   of its collateral.  Furthermore, parties with a potential interest in the MOB or ARMC

18   will receive notice of the proposed transaction and the lack of objection to the sale

19   should be deemed consent to the sale under § 363(f)(2).

20       Thus, in accordance with § 363(f), the transfer of the Property to the Buyer

21

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

10

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 1891    Filed 10/07/20    Entered 10/07/20 16:30:22    Pg 14 of 34

avoiding the costs of financing an auction regarding the Property.

**B.**    **This Court Has Authority to Approve the Sale Free and Clear of Liens, Claims, Encumbrances and Interests Pursuant to § 363(f).**

Pursuant to § 363(f), a debtor's assets may be sold free and clear of any and all liens, claims, interests and other encumbrances if any one of the following conditions are satisfied: (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

In this instance, the Property should be sold free and clear of all Interests pursuant to §§ 363(f)(1), (f)(2) or (f)(5).  Under the proposed terms of sale, the net proceeds will be remitted at the closing of the transaction to UMB Bank, as indenture trustee, for application dollar for dollar against secured bond obligations of the Debtors in these proceedings, and UMB Bank will therefore receive these proceeds of its collateral.  Furthermore, parties with a potential interest in the MOB or ARMC will receive notice of the proposed transaction and the lack of objection to the sale should be deemed consent to the sale under § 363(f)(2).

Thus, in accordance with § 363(f), the transfer of the Property to the Buyer

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

10

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 1891    Filed 10/07/20    Entered 10/07/20 16:30:22    Pg 14 of 34

will be a legal, valid, enforceable and effective transfer of the Property, and will vest the Buyer with all right, title, and interest in the Property free and clear of all liens, claims, encumbrances and interests.

## C. Waiver of the 14-Day Stay Provided under Bankruptcy Rule 6004(h) Is Appropriate.

Bankruptcy Rule 6004(h) provides, among other things, that an order authorizing the use, sale or lease of property . . . is stayed until the expiration of fourteen days after entry of the Court order, unless the Court orders otherwise. The purpose of Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* 10 COLLIER ON BANKRUPTCY ¶ 6004.11 at 6004-26 (Alan N. Resnick & Henry J. Sommer eds. 16th ed. 2015). Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes relating thereto are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen day period, the leading treatise on bankruptcy suggests that the stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." *Id.* at 6004-22.

For the reasons discussed above, the Debtors believe that it is critically important that the Debtors consummate the Sale without delay in light of, among other things, their well-documented financial condition. Lane Decl. ¶ 6. Based on the foregoing, the Debtors respectfully requests that the Court waive the 14-day stay

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

11

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

period set forth in Bankruptcy Rule 6004(h) to permit the parties to enter into the Agreement and begin the process of closing the sale immediately upon entry of an order granting this Motion.

## CONCLUSION

For all the foregoing reasons and such additional reasons as may be advanced at or prior to the hearing regarding this Motion, the Debtors request entry of an order: (i) approving the transfer of the Property of the Sellers to the Buyer; (ii) approving the Agreement and ancillary documents by and between the Sellers and the Buyer; (iii) waiving any stay of the effectiveness of such order; and (iv) granting such other and further relief as is just and appropriate under the circumstances.

Dated: October 7, 2020

/s/ Sam R. Maizel
JAMES L. DAY (WSBA #20474)
BUSH KORNFELD LLP

SAMUEL R. MAIZEL (Admitted *Pro Hac Vice*)
SAM J. ALBERTS (WSBA #22255)
DENTONS US LLP

*Attorneys for the Chapter 11 Debtors and Debtors In Possession*

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

12

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 1891    Filed 10/07/20    Entered 10/07/20 16:30:22    Pg 16 of 34

# DECLARATION OF MICHAEL LANE

I, Michael Lane, hereby state and declare as follows:

1. I submit this declaration (the "Declaration")[1] in support of the Motion.

2. I am the Chief Restructuring Officer of Astria Health ("CRO"). I was appointed CRO by the Astria Health Board of Directors.

3. I have been involved in the healthcare industry representing hospitals for more than 40 years as a financial and strategic advisor, CRO, interim Chief Executive Officer ("CEO") as well as a commercial and investment banker. I am a non-practicing certified public accountant and hold a BS and MBA from Southeast Missouri State University. In the past ten years alone, I have represented numerous distressed hospitals as CRO, interim CEO, financial and strategic advisor including numerous Chapter 11 proceedings involving acute care and behavioral organizations. In addition, I have been involved in asset-based lending to healthcare organizations and actively participated in numerous merger and acquisition assignments over the past decades.

4. The statements herein are based upon my personal knowledge of the facts and information gathered by me in my capacity as CRO for Astria Health.

_____

[1] Unless otherwise defined, capitalized terms herein shall have the same meaning as in the Motion.

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

13

5.     As of the Petition Date, Debtor Astria Health, a Washington nonprofit corporation, was the direct or indirect corporate member of entities that made it the largest non-profit healthcare system based in Eastern Washington.  The Astria system is headquartered in the heart of Yakima Valley, Washington, with facilities in Yakima, Sunnyside, and Toppenish, Washington.

6.     At the Petition Date, the Astria system included three hospitals: Astria Regional Medical Center ("ARMC"), a 214-bed hospital in Yakima, Washington; Sunnyside Community Hospital Association doing business as Astria Sunnyside Hospital, a 38-bed critical access hospital in Sunnyside, Washington ("Sunnyside"); and SHC Medical Center – Toppenish doing business as Astria Toppenish Hospital, a 63-bed hospital in Toppenish, Washington ("Toppenish," and referred to collectively with ARMC and Sunnyside as the "Hospitals").  As detailed in numerous filings before this Court, the Debtors have long been troubled financially.

7.     In January 2020, the Debtors sought and obtained Bankruptcy Court permission to close ARMC.  The Debtors then marketed ARMC's real estate assets, including the MOB and ARMC, for sale.

8.     As a result of these efforts, the Buyer submitted a bid regarding the Property, which constituted the highest and best offer.  In accordance with the Buyer's offer the Sellers shall transfer all right, title and interest in the Property to

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

14

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 1891    Filed 10/07/20    Entered 10/07/20 16:30:22    Pg 18 of 34

the Sellers in exchange for twenty million dollars (USD) ($20,000,000.00) payable in full in all cash with no financing contingency at closing.[5]

9.     The Buyer is prepared to purchase the Property by way of a private sale, which will generate funds for the estates, and allow the Debtors to continue to serve their patients in the community.  The terms of the Agreement result from good faith negotiations between the Buyer, the Debtors and professional advisors.  Critically, execution of the Agreement allows the Debtors to conserve crucial funds by avoiding financing an auction regarding the Property.  It is my business judgment the marketing process regarding the Property (as more fully explained in the Ives Declaration) was sufficiently robust, and such terms are fair and reasonable and, therefore, are in the best interests of creditors.

---

[5] Such terms are provided more fully in the Agreement, attached hereto as Exhibit 1. In the event of any conflict of this Motion and the Agreement, the Agreement shall control.

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

15

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 1891    Filed 10/07/20    Entered 10/07/20 16:30:22    Pg 19 of 34

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 7th day of October, 2020.

_____
MICHAEL LANE

**DEBTORS' MOTION FOR AN ORDER
APPROVING PRIVATE SALE OF
PROPERTY**
115587738\V-1
US_Active\115587738\V-2

16

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# **DECLARATION OF TRAVIS IVES**

I, Travis Ives, hereby state and declare as follows:

1.      I submit this declaration (the "Declaration")[6] in support of the Debtors' Notice of Motion and Motion to Approve Private Sale of Property (the "Motion"), which seeks entry of an order authorizing the Debtors to: (i) approve a private sale of real property located in the City of Yakima, County of Yakima, Washington, commonly known as the Astria Medical Office Plaza and associated offsite parking located at each of 1005 W Walnut St., 111 S. 11th Ave., 8-16 S. 10th Ave. and 7-15 S. 11th Ave. (the "MOB") and Astria Regional Medical Center and associated offsite parking located at each of 12-14 S 9th Ave., 110 S 9th Ave., 8-16 S 10th Ave. and 905 W Chestnut ("ARMC," together with the MOB, the "Property") by and between Yakima MOBIC, LLC (the "Buyer") on the one hand, and Debtors Yakima HMA Home Health, LLC and SHC Medical Center – Yakima (the "Sellers") to Yakima MOBIC, LLC (the "Buyer"); (ii) approving the Commercial Property Purchase and Sale Agreement attached to the Motion as Exhibit "1" by and between Sellers and the Buyer; (iii) waiving any stay of the effectiveness of such order; and (iv) granting such other and further relief as is just and appropriate under the circumstances.

---

[6] Unless otherwise defined, capitalized terms herein shall have the same meaning as in the Motion.

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

17

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2.       I am a Managing Director at Cushman & Wakefield US, Inc. ("Cushman & Wakefield"), which is among the world's largest full service commercial real estate companies. Cushman & Wakefield assists healthcare providers with strategic capital planning, including monetization of non-core real estate, among other things. I have in excess of 15 years of experience working in commercial real estate and am recognized as a market expert.  I am located at 4747 Executive Dr, 9th Floor, San Diego, CA 92121, however my practice is national and specific to healthcare real estate.  I am over the age of 18 and competent to testify as to the facts set forth herein and will do so if called upon.

3.       I have significant experience selling commercial real estate through distressed situations such as through bankruptcy and receivership, and also have experience attempting to sell commercial real estate through auction and bidding processes (both in relation to distressed and by non-distressed situations). Given my time in the market, extensive outreach to prospective buyers and multiple rounds of revised offers from both the Buyer and the competing offer, I am confident an auction or bidding process will not result in superior offers for the Property.

4.       As set forth in the Order Authorizing Employment and Compensation of Cushman & Wakefield US, Inc., as Broker for the Debtors *Nunce Pro Tunc* to March 1, 2020, beginning in March, 2020, Cushman & Wakefield entered into a listing agreement with the Debtors and began marketing the Property for sale.

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

18

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Cushman & Wakefield initially targeted healthcare users, including general acute care hospitals, behavioral health operators, medical practice groups as well as larger traditional office users in the Yakima region as potential buyers. In parallel to that effort, Cushman & Wakefield also marketed the Property to a database of national healthcare real estate investors and developers. The Property was advertised on all major commercial listing sites including CoStar, LoopNet and Crexi as well as locally by being input into the Yakima Multiple Listing Service.

5.     Cushman & Wakefield has fielded dozens of inquiries on the Property and solicited two written offers.  The offer from the Buyer for $20,000,000.00 (the "Purchase Price") was selected as the highest and best offer after multiple efforts to negotiate with both parties that submitted offers.  The Buyer is comprised of a partnership of local, private investors familiar with the asset and the market.  The Buyer has indicated it intends to close the transaction in cash without debt financing and have shown evidence of the required liquid assets to close.  Therefore, given that the Buyer's offer was the highest offer received, Cushman & Wakefield recommended to the Debtors that the Buyer's offer be accepted subject to court approval.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

19

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

19-01189-WLH11    Doc 1891    Filed 10/07/20    Entered 10/07/20 16:30:22    Pg 23 of 34

Executed this 6th day of October, 2020.

_____
Travis Ives

**DEBTORS' MOTION FOR AN ORDER APPROVING PRIVATE SALE OF PROPERTY**
115587738\V-1
US_Active\115587738\V-2

20

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# **<u>EXHIBIT 1</u>**

# COMMERCIAL PROPERTY PURCHASE AND SALE AGREEMENT
## (WITH EARNEST MONEY RECEIPT PROVISIONS)

**Yakima, Washington**

Within three (3) days following the date of mutual acceptance of this Commercial Property Purchase and Sale Agreement (the "Agreement"), Yakima MOBIC, LLC, a Washington state limited liability company to be created (the "Buyer"), shall deliver earnest money totaling TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00) to be paid in the form of promissory note which shall be payable in cash and deposited with the Closing Agent and not refundable to Buyer upon mutual execution of this Agreement and Court Approval (as defined below), and which shall represent partial payment for the purchase price for the following real property located in the City of Yakima, County of Yakima, Washington:

- ("Astria MOB") commonly known as the Astria Medical Office Plaza and associated offsite parking located at each of 1005 W Walnut St, 111 S 11th Ave, 8-16 S 10th Ave and 7-15 S 11th Ave, and specifically being Yakima County Assessor's Parcel Numbers' 181324-31416, 31468, 31469, 31470, 31471, 31472, 31473, 31474, 31475, 31476 and 31477; and

- ("ARMC") commonly known as the Astria Regional Medical Center and associated offsite parking, and specifically being Yakima County Assessor's Parcel Number 181324-31452, 31431, 31430, 31429, 31428, 42487, 42488, 42489, 42490, 42491, 42492, 42493 and 42494.

Collectively, the Astria MOB and ARMC shall be referred as the "Property". Yakima HMA Home Health, LLC, and SHC Medical Center - Yakima (the "Seller") agrees to sell and convey, and Buyer agrees to purchase according to this Agreement the Property legally described as follows:

**[TO BE INSERTED BY CLOSING AGENT AS PROVIDED BELOW]**

(If the legal description of the Property is abbreviated, omitted, incomplete, or inaccurate at the time of signing, this Agreement shall not be invalidated. The Closing Agent (as defined below) is authorized to insert or attach the correct legal description)

TOGETHER WITH all non-attached furniture, fixtures and equipment, including ambulatory surgery center equipment, located within Astria MOB and ARMC existing on October 5, 2020, which Seller has or will have marketable title at the time of Closing.

19-01189-WLH11    Doc 1891    Filed 10/07/20    Entered 10/07/20 16:30:22    Pg 26 of 34

**1.    PURCHASE PRICE.**        The total Purchase Price for the Property shall be TWENTY MILLION DOLLARS ($20,000,000.00) and allocated as follows:  Eleven Million Five Hundred Thousand Dollars ($11,500,000.00) to the Astria MOB and Eight Million Five Hundred Dollars ($8,500,000.00) to ARMC.

**2.    METHOD OF PAYMENT.** The Purchase Price shall be paid as follows: Cash at Closing, including earnest money receipted for.

**3.    CONDITION OF TITLE.** The status of Seller's title will be shown in a Preliminary Commitment for a _X_ Standard Extended Owner's Coverage Title Insurance Policy (the "Preliminary Commitment") issued by Fidelity Title Company (the "Closing Agent"), which Preliminary Commitment will be ordered by Seller or Seller's Broker (as defined below) within five (5) days following the date of mutual acceptance of this Agreement. If Buyer chooses a Standard Owner's Coverage policy, Seller shall pay the cost. If Buyer chooses an Extended Owner's Coverage policy, Buyer shall pay the increased premium difference in cost between the Standard Owner's Coverage policy and the Extended Owner's Coverage policy. In addition, Buyer shall pay the estimated cost of any survey or other additional costs of vendors, services, reports, etc., required for an Extended Owner's Coverage policy. Said Preliminary Commitment shall have included with delivery attached photocopies or other acceptably formatted instruments of all recorded documents shown as encumbrances to Seller's title.

Title is to be free of all encumbrances or defects, except those approved by Buyer, as set forth herein, and the following shall not be deemed encumbrances or defects unless otherwise stated within this Agreement: tenants in possession pursuant to written leases; rights reserved in federal patents or state deeds; building or use restrictions general to the area other than government platting and subdivision requirements; easements not inconsistent with Buyer's intended use; and reserved oil and/or mining rights (the "Permitted Exceptions"). Buyer shall be considered to have accepted the condition of title unless Buyer provides notice of specific written objections within ten (10) business days following Buyer's receipt of a Preliminary Title Commitment and/or its amendments. Encumbrances to be discharged by Seller shall be paid from Seller's funds at Closing, unless otherwise agreed to between the parties.

If Seller is not able to provide insurable title in accordance with Buyer's written objections prior to Closing and Buyer does not waive any exceptions to coverage that are not part of the Permitted Exceptions, this Agreement shall terminate and the earnest money shall immediately be returned to Buyer.

**4.    TITLE INSURANCE.** Promptly following Closing, Seller will provide to Buyer at Seller's expense a policy of Title Insurance pursuant to the Preliminary Commitment, insuring title to the Property subject only to the Permitted Exceptions.

**5. CONDITIONS OF CLOSING.** Only the checked conditions of closing shall apply:

_X_ **Property Delivered Free of Tenancies:** Prior to Closing, Seller shall terminate all existing tenancies, rental agreements, leases or the like, if any, such that the Property is to be delivered to Buyer vacant, except Seller shall have leaseback of a period not to exceed two (2) years from the date of Closing of a suite within the Astria MOB that presently houses Astria's ambulatory surgery center. Seller shall lease said suite from Buyer on a full service gross rental basis at the rate of $31.00 per square foot/per year.

_X_ **Court Approval:** This Agreement is subject to approval of the United States Bankruptcy Court, Eastern District of Washington (the "Court Approval").

**6. INSPECTIONS; ACCESS.**

(a) **Books, Records, Leases, Agreements.** Seller shall make available for inspection by Buyer and its agents within five (5) days after Mutual Acceptance all documents in Seller's possession or control relating to the ownership, operation, renovation or development of the Property, excluding appraisals or other statements of value, and including: statements for real estate taxes, assessments, and utilities for the last three years and year to date; property management agreements and any other agreements with professionals or consultants; leases or other agreements relating to occupancy of all or a portion of the Property and a suite-by-suite schedule of tenants, rents, prepaid rents, deposits and fees; plans, specifications, permits, applications, drawings, surveys, and studies; maintenance records, accounting records and audit reports for the last three years and year to date; and "Vendor Contracts" which shall include maintenance or service contracts, and installments purchase contracts or leases of personal property or fixtures used in connection with the Property. By or before fifteen (15) days prior to Closing, Buyer shall notify Seller which Vendor Contracts, if any, it will assume. Buyer shall be solely responsible for obtaining any required consents to such assumption and the payment of any assumption fees. Seller shall cooperate with Buyer's efforts to receive any such consents but shall not be required to incur any out-of-pocket expenses or liability in doing so. Seller shall transfer the Vendor Contracts at Closing with assignment agreements in a commercially reasonably form approved by Buyer's counsel prior to Closing.

(b) Access. Seller shall permit Buyer and its agents, at Buyer's sole expense and risk to enter the Property at reasonable times subject to the rights of and after legal notice to tenants, to conduct inspections concerning the Property and improvements, including without limitation, the structural condition of improvements, hazardous materials, pest infestation, soils conditions, sensitive areas, wetlands, or other matters affecting the feasibility of the Property for Buyer's intended use. Buyer shall schedule any entry onto the Property with Seller in advance and shall comply with Seller's

19-01189-WLH11   Doc 1891   Filed 10/07/20   Entered 10/07/20 16:30:22   Pg 28 of 34

reasonable requirements including those relating to security, confidentiality, and disruption of Seller's tenants. Buyer shall not perform any invasive testing including environmental inspections beyond a phase I assessment or contact the tenants or property management personnel without obtaining the Seller's prior written consent, which shall not be unreasonably withheld. Buyer shall restore the Property and improvements to the same condition they were in prior to inspection. Buyer shall be solely responsible for all costs of its inspections and feasibility analysis and has no authority to bind the Property for purposes of statutory liens. Buyer agrees to indemnify and defend Seller from all liens, costs, claims, and expenses, including attorneys' and experts' fees, arising from or relating to entry onto or inspection of the Property by Buyer and its agents. This agreement to indemnify and defend Seller shall survive closing.

7. **CONDITION OF PROPERTY.** Buyer waives the right to receive a commercial seller disclosure statement or its equivalent (a common source for which form is sometimes known as "Form 17-Commercial" of the CBA Legal Library) if required by RCW 64.06. Unless otherwise specified herein to the contrary, then Buyer acknowledges that Buyer has satisfied itself as to the condition of the Property. Seller acknowledges that Buyer's agreement to both waive the right to a commercial seller's disclosure and to accept the Property "As-Is" shall not excuse Seller from disclosing any defects that Seller is aware of or should reasonably have knowledge of concerning the condition of the Property and, in the event any questions in the "Environmental" section of Form 17-Commercial would be "yes," then Buyer does not waive receipt of the Environmental section of Form 17-Commercial, which Environmental section shall then be provided by Seller. Upon Closing, Buyer agrees to accept the Property in an "As-Is" condition. Buyer shall fully satisfy itself that the condition of the Property is suitable for Buyer's intended use. Buyer acknowledges that Seller and/or Seller's Broker have made no representations or warranties of any nature, express or implied, concerning any defects, conditions or circumstances that may exist on the Property or that may be discovered by Buyer. Buyer has knowledge of the Americans with Disabilities Act (ADA) and acknowledges that Buyer must satisfy itself as to the Property's compliance, if any, or to any local municipal accessibility laws or rules, if Buyer so desires.

8. **CONVEYANCE BY STATUTORY WARRANTY DEED.** At Closing, fee title to the Property shall be conveyed to Buyer by Statutory Warranty Deed, subject only to the Permitted Exceptions.

9. **SELLER'S WARRANTIES.** Seller makes the following warranties and representations:

(a)     Seller has the right, power and authority to execute and enter into this Agreement *(subject to Court Approval)* and to perform its duties and obligations under this Agreement in accordance with its terms, conditions and provisions. Seller warrants and represents that its signatures as appearing in this Agreement and all related documents are those of the vested title holder for the Property.

4

(b)    To Seller's knowledge, there are no pending or contemplated assessments or similar charges that will in any way detrimentally affect the Property.

(c)    To Seller's knowledge, there are no hazardous or toxic materials stored or located on the Property.

**10.    ASSIGNMENT OF RENTS.** Not applicable.

**11.    PERSONAL PROPERTY.** Except as otherwise stated herein, all permanent fixtures and equipment in or attached to the real property are included in the sale of the Property including, but not limited to gas and electric light fixtures, heating and plumbing systems, air conditioning fixtures and units, bathroom and kitchen cabinets, window shades and screens, awnings and storm windows, storm doors and screen doors, window boxes, outdoor shrubbery and landscaping, exterior lighting now in place, and poles, pylons, supports and other implements related to current signage, etc. The fixtures and equipment included herein, if any, are warranted to be free from liens.

**12.    RISK OF LOSS.** Risk of loss or damage by fire or other casualty to property or any part thereof prior to Closing shall be assumed by Seller. If such loss or damage occurs prior to Closing, Buyer may elect to continue with Closing and Seller shall assign to Buyer all rights under any insurance under any casualty policy, Seller shall grant permission to bring such action in Seller's name or Buyer may terminate this Agreement, and in the event Buyer elects to terminate, the earnest money shall then immediately be returned to Buyer.

**13.    CLOSING AGENT.** This transaction shall be closed by Fidelity Title Company (the "Closing Agent").

**14.    CLOSING COSTS AND PRORATIONS.** Seller and Buyer shall each pay one-half (1/2) of the Closing Agent's escrow fees. Seller shall pay the real estate excise tax. Unpaid property taxes for the year of closing, assessments which are paid in installments, and utilities constituting liens against the Property shall be prorated as of the date of Closing. Buyer shall pay all recording fees.

**15.    CLOSING DATE - POSSESSION.** This transaction shall be closed on or before thirty (30) days following the date of Court Approval (the "Closing"). Closing shall be the date on which all documents are recorded, and funds are available for disbursement. Buyer shall be entitled to possession on Closing.

5

**16.    DEFAULT REMEDIES.** In the event Seller defaults without legal excuse to complete the purchase of the Property under the terms of this Agreement, the earnest money shall be returned to Buyer immediately and Buyer may seek specific performance of this Agreement, damages or any other remedy available at law or equity.

In the event Buyer defaults and fails, without legal excuse, to complete the purchase of the Property under the terms of this Agreement, the earnest money shall be forfeited to Seller as the sole and exclusive remedy available to Seller for such failure.  Any unpaid sale costs, including title report cancellation fees, if any, may be paid from the earnest money prior to disbursement to Seller, if Seller so elects and directs the Closing Agent holding the earnest money to do so.

**17.    UTILITY LIENS.** Pursuant to RCW 60.80, Buyer and Seller do not request the Closing Agent to administer the disbursement of closing funds necessary to satisfy unpaid utility charges affecting the Property. Seller represents that, to the best of Seller's reasonable knowledge, the utility bills and accounts servicing the Property are or will be current at the time of Closing.

**18.    ATTORNEYS' FEES.** If any suit or other proceeding is instituted by Seller, Buyer, Listing Broker or Selling Broker arising out of or pertaining to this Agreement or the Property, including, but not limited to, filing suit or requesting an arbitration, mediation or other alternative dispute resolution process (collectively, the "Proceedings") and appeals and collateral actions relative to such suit or Proceeding the substantially prevailing party as determined by the court or in the Proceeding shall be entitled to recover his reasonable attorneys' fees and all costs and expenses incurred relative to such suit or Proceeding from the substantially non-prevailing party, in addition to such other available relief.

**19.    TIME OF ESSENCE.** Time is of the essence of this Agreement.

**20.    GOVERNING LAW AND VENUE.** This Agreement shall be governed by and construed according to the laws of the State of Washington. Jurisdiction and venue of any suits arising out of or related to this Agreement shall be exclusively in the state and federal courts of the county in which the Property, or some part of it, is located.

**21.    ENTIRE AGREEMENT.** There are no verbal or other agreements which modify or affect this Agreement, and Buyer and Seller acknowledge that this Agreement constitutes the full and complete understanding between Buyer and Seller.

**22. NON-MERGER.** All warranties, representations, obligations contained in or arising out of this Agreement, as well as the terms and provisions of this Agreement shall not merge in, but shall survive, the closing of the transaction.

**23. WRITTEN NOTICES.** All notices required by this Agreement shall be considered properly delivered (1) when personally delivered, or (2) when transmitted by email or facsimile showing date and time of transmittal, or (3) on the second (2nd) day following mailing postage prepaid, certified mail, return receipt requested. Notices to Seller shall be sent either directly to Seller or Listing Broker. Notices to Buyer shall be sent either directly to Buyer or Selling Broker. The Listing and the Selling Brokers shall have delivered notice to the principal upon one phone call, email, facsimile or delivering to the principal's last known address.

**24. AGENCY DISCLOSURE.** At the signing of this Agreement, Cushman & Wakefield US, Inc. ("CW"), and Almon Commercial Real Estate ("ACRE") (collectively the "Listing Broker"), represented Seller. Each party signing this document confirms that prior oral and/or written disclosure of real estate agency was provided to them in this transaction. If Selling Broker and Buyer's broker are the same person representing both parties, then both parties confirm their consent to that agent and his/her broker acting as a dual agent and acknowledge the terms of broker compensations are a set out in the section immediately below. Similarly, if the two brokers are affiliated with the same broker, the broker is a dual agent and both parties consent to Dual Agency and the said terms of broker compensation. Both parties acknowledge receipt of a copy of the pamphlet entitled "The Law of Real Estate Agency."

**25. REAL ESTATE COMMISSION.** Seller agrees to pay a commission according to that certain Listing Agreement For Sale (the "Listing Agreement") that exists between Seller and CW, which provides for a commission of five percent (5%) of the Purchase Price, and whereas the commission provided for by the Listing Agreement shall be split equally between CW and ACRE as indicated by Paragraph 4(a) of that certain "Co-Broker Agreement" that exists between CW and ACRE.

Seller hereby irrevocably assigns to Listing Broker a portion of Seller's proceeds of sale equal to the commission and authorizes Closing Agent to disburse the full amount of commission due to Listing Broker under this Agreement at Closing from Seller's proceeds of sale.

**26. ADDENDA.** Not applicable.

**27. EMAILS, FAXES AND COUNTERPARTS.** Email or facsimile transmission of any signed original document and retransmission of any signed email or facsimile transmission shall be the same as delivery of an original. At the request of either party or the Closing Agent, the parties will confirm

7

email or facsimile transmitted signatures by signing an original document. This Agreement may be signed in counterparts.

**28.     LIMITATION ON SELLER'S TIME FOR ACCEPTANCE.** Seller shall have until 5:00PM on August 31, 2020, to accept this Agreement by delivering a signed copy to Buyer. If Seller fails to deliver a signed copy then this Agreement shall lapse, and the earnest money deposit, if previously made or due, shall be immediately returned to Buyer.

**29.     FIRPTA – TAX WITHHOLDING AT CLOSING.** Closing Agent is instructed to prepare a certification that Seller is not a foreign person within the meaning of the Foreign Investment in Real Property Tax Act ("FIRPTA") and Seller shall sign it on or before Closing. If Seller is a foreign person, this transaction is not otherwise exempt from FIRPTA, Closing Agent is instructed to withhold and pay the required amount to the Internal Revenue Service.

**30.     ASSIGNMENT.** Buyer may not assign its interest under this Agreement without Seller's prior written consent; provided, however, Buyer may assign this Agreement to any entity which controls, is controlled by, or is under common control with Buyer, upon prior written notice to Seller. As used herein, "control" and similar terms mean ownership of a majority of the beneficial interest in, and managerial control over the assignee entity (such as that exercised by the managing member of a limited liability company or the general partner of a limited partnership).

**BUYER:**

Yakima MOBIC, LLC
Attn: Chris Waddle

By:_____
        Chris Waddle, authorized representative

Date: October , 2020

With courtesy copy to:
Michael J. Thorner
Thorner Kennedy Gano & Murphy P.S. PO Box 1410
Yakima, WA 98907
(509) 575-1400: office (509) 453-6874: fax;  mjt@tkglawfirm.com

**29.     SELLER'S ACCEPTANCE.** As evidenced by signature below, Seller hereby accepts and approves this Agreement.

8

**SELLER:**

Yakima HMA Home Health, LLC, & SHC Medical Center - Yakima Attn: Michael Lane
Astria Health Chief Restructuring Officer (815) 836-7080: cell
Michael.Lane@astria.health

By: _____

Michael Lane, authorized representative of Yakima HMA Home Health, LLC, & SHC Medical
Center - Yakima

Date: October _____, 2020

19-01189-WLH11   Doc 1891   Filed 10/07/20   Entered 10/07/20 16:30:22   Pg 34 of 34